# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1903EM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Missouri. |
| John Scott, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 11, 2001

Filed:  October 24, 2001

_____

Before LOKEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This appeal has to do with special conditions of supervised release imposed upon the defendant, John Scott, at the time a prior term of supervised release (the second one, in fact) was revoked by the District Court.  These conditions, referred to in the sentence as "Additional Standard Conditions of Supervision," appear tailored to sex offenses.  The District Court imposed them not because of Scott's offense of conviction (armed bank robbery), nor because of the conduct that led to revocation of either of his terms of supervised release, but because of an unrelated 1986 sex-offense conviction.  In our view, this was an abuse of discretion.  The conditions do

not relate to the offense of conviction, and the record does not show that they were reasonably necessary to deter the defendant from repeating his sex crime, which occurred 15 years ago.

I.

John Scott pleaded guilty to the crime of armed bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a) and (d) on May 18, 1993, in the District Court for the Eastern District of Missouri.  He was sentenced to five years and three months (63 months) in prison and three years of supervised release.  On August 13, 1999, the District Court found Scott in violation of the conditions of his supervised release and revoked his term of supervised release.  Scott was then sentenced to four months of imprisonment and two years of supervised release.  On April 6, 2001, the District Court again found Scott in violation of the conditions of his supervised release, and revoked his second term of supervised release.  He was sentenced to six months of imprisonment and two years and two months of supervised release.  In determining the terms and conditions of Scott's supervised release in 2001, the District Court for the first time[1] took into account his 1986 felony conviction for forcible rape and sodomy of his then nine-year-old stepdaughter.

On the basis of Scott's prior sexual offense, the court ordered that "special conditions of sex offenders" be imposed.  Transcript of Supervised Release Revocation Hearing, April 6, 2001, p. 64.  These special conditions read as follows:

    1.     The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on

---

[1]The 1986 conviction, however, was presumably taken into account for purposes of computing the defendant's Criminal History Score at the time of the original sentence in 1993.

supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

2.     The defendant shall participate, as directed by the probation officer, in a drug or alcohol abuse treatment program which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, or inpatient treatment in a treatment center or hospital.

3.     The defendant shall comply with all federal, state, and local sex offender registration laws and provide verification of registration to the probation officer.

4.     The defendant shall participate in sex offender and/or mental health treatment as directed by the probation officer including submission to a risk assessment and psychological testing. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer. Sex offender assessment treatment is to be conducted by a therapist approved in advance by the probation office.

5.     The defendant shall be prohibited from contact with children under the age of 18 without the prior written permission of the probation officer and shall report to the probation officer immediately, but in no event later than 24 hours, any unauthorized contact with children under the age of 18.

6.     The defendant shall be prohibited from engaging in any occupation, business, or profession where he has access to children under the age of 18 without prior written approval from the probation officer.

7.     The defendant shall not loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of 18.

8.      The defendant shall not possess stimulating or sexually oriented material as deemed inappropriate by the probation officer and/or treatment staff, or patronize any place where such material or entertainment is available.

9.      The defendant shall not purchase or maintain a post office box or any other type of private mail box without written approval of the probation officer.

10.      The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition or release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

11.      The defendant shall abstain from the use of alcohol and/or all other intoxicants.

Scott challenges conditions 3 through 10 in this appeal.

## II.

A district court has wide discretion in imposing the terms and conditions of supervised release. See United States v. Bass, 121 F.3d 1218, 1223 (8th Cir. 1997); United States v. Schoenrock, 868 F.2d 289, 291 (8th Cir. 1989). However, this discretion is limited by statute. Any condition imposed must be reasonably related to

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; . . . and (2) the need . . . to afford adequate deterrence to criminal conduct; to protect the public from

-4-

further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D). See also U.S.S.G. § 5D1.3(b) (2000). Additionally, the conditions imposed cannot "involve a 'greater deprivation of liberty than is reasonably necessary' to effectuate the goals of Congress and the Sentencing Commission." United States v. Prendergast, 979 F.2d 1289, 1293 (8th Cir. 1992) (quoting 18 U.S.C. § 3583(d)(2)). Furthermore, conditions imposed must be "especially fine-tuned" if they restrict the freedom of persons on probation or supervised release. Id. (quoting United States v. Tolla, 781 F.2d 29, 34 (2d Cir. 1986)).

In several cases, this Court has found that a district court abused its discretion in imposing certain conditions on the supervised release of a defendant.[2] Specifically, in United States v. Kent, 209 F.3d 1073 (8th Cir. 2000), we found that a district court abused its discretion by imposing a special condition of supervised release on a defendant who had been convicted of mail fraud. The condition required the

---

[2]See United States v. Cooper, 171 F.3d 582 (8th Cir. 1999) (holding that the district court abused its discretion by imposing a condition on supervised release restricting defendant's employment as an over-the-road truck driver when this bore no relationship to the offense of unlawfully transporting explosive materials many years ago); United States v. Bass, 121 F.3d 1218 (8th Cir. 1997) (holding that the district court abused its discretion by imposing conditions of supervised release prohibiting the obtaining or use of alcohol, and requiring a defendant to submit to testing to detect presence of alcohol on his body, and to submit to warrantless searches for alcohol, when the defendant had been convicted of conspiring to distribute, and possession with intent to distribute, crack cocaine, but had no history of alcohol abuse); United States v. Prendergast, 979 F.2d 1289 (8th Cir. 1992) (holding that the district court abused its discretion by imposing conditions of alcohol prohibition, drug testing, and warrantless searches which bore no reasonable relationship to the conviction of wire fraud).

defendant to undergo psychological or psychiatric counseling as directed by his probation officer. Kent, 209 F.3d at 1074. This condition was based on the defendant's mental and physical abuse of his wife and children that occurred 13 years before the sentencing hearing. Id. This Court found that the goals of public safety and deterrence would not be served by imposing the condition, because there was no evidence of more recent abuse. Because the "behavior to be deterred had ceased independently," the condition was not necessary. Kent, 209 F.3d at 1077. Moreover, this Court determined that the condition did not bear a reasonable relationship to the current offense of mail fraud. Id. Because the condition was based on conduct that occurred more than a decade before the current offense, the condition would not serve the goals of deterrence or public safety, and the condition bore no relationship to the nature of the offense of mail fraud, imposing this condition was found to be an abuse of discretion and was reversed. For the same reasons, the special conditions imposed on Scott should be reversed.

The special conditions imposed on Scott by the District Court in Scott's current sentence bear no reasonable relationship to the nature of the convicted offense. Scott was convicted of armed bank robbery in violation of 18 U.S.C. §§ 2 and 2113 (a) and (d). The government failed to offer any explanation of a relationship between the crime of bank robbery and the special conditions. Though the government contends that the special conditions are reasonably related to Scott's criminal history, the conditions are not reasonably related to the current offense for which Scott was sentenced, armed bank robbery.

Additionally, there is no evidence supporting the need for the special conditions in Scott's case. Scott was convicted of a sexual offense in 1986, but the "special conditions of sex offenders" had never been imposed on Scott prior to the 2001 sentence. The government presented no evidence that Scott has a propensity to commit any future sexual offenses, or that Scott has repeated this behavior in any way since his 1986 conviction. Therefore, the special conditions seem unlikely to serve

the goals of deterrence or public safety, since the behavior on which the special conditions are based, though highly reprehensible, has ceased.

It may be useful to compare this case with United States v. Peterson, 248 F.3d 79 (2d Cir. 2001) (per curiam). There, the offense of conviction was bank larceny, in violation of 18 U.S.C. § 2113(b). The defendant was given a five-year term of supervised release. The release was subject to special conditions related to a 1996 state-court conviction for incest (the victim being the defendant's daughter, beginning at the age of 14). The Second Circuit analyzed a number of the conditions imposed and, ultimately, remanded for resentencing, concluding that many of the conditions were broader than necessary, not related to the offense of conviction, and not needed to protect the public or the defendant's family from future crimes. As we read this opinion, it would authorize a court to take into account a defendant's past offense, unrelated to the offense of conviction, in fashioning conditions of probation or supervised release. In Peterson, however, the past sex offense was only five years old at the time of sentencing. Here, the past sex offense was 15 years old at the time of the District Court's relevant order. And, as we have said, this record contains no information indicating that Scott is likely to repeat the offense, or that additional restrictions on his freedom are necessary to deter him from doing so.

For these reasons, we hold that the imposition of special conditions 3 through 10 was an abuse of discretion. The judgment of the District Court is vacated, and this case is remanded for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.