# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2410

_____

United States of America,

        Appellee,

v.

Kenny Eugene Smart,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Southern District of Iowa.

_____

Submitted: November 15, 2006
Filed: December 29, 2006

_____

Before MURPHY, ARNOLD and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Kenny Smart pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 211 months' imprisonment and imposed special conditions of supervised release designed to rehabilitate sex offenders and protect the community. Mr. Smart appeals the imposition of these special conditions of supervised release. We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

I.

We have previously held that sentencing judges are afforded "wide discretion when imposing terms of supervised release." *United States v. Behler*, 187 F.3d 772, 778 (8th Cir. 1999). "A sentencing judge may impose conditions on supervised release if (1) the conditions are reasonably related to [certain] sentencing factors identified in 18 U.S.C. § 3553(a); (2) the conditions do not deprive the defendant of liberty to a greater degree than is reasonably necessary; and (3) the conditions are consistent with any relevant policy statements by the Sentencing Commission." *See United States v. Conelly*, 451 F.3d 942, 945 (8th Cir. 2006); *see also* 18 U.S.C. § 3583(d). We review the district court's imposition of special conditions of supervised release for an abuse of discretion. *United States v. Cooper*, 171 F.3d 582, 585 (8th Cir. 1999).

Mr. Smart argues that the district court abused its discretion in imposing conditions of supervised release having to do with sexual offenses because they are not "reasonably related" to the considerations in § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D). *See* 18 U.S.C. § 3583(d)(1); *United States v. Mickelson*, 433 F.3d 1050, 1056 (8th Cir. 2006). In other words, Mr. Smart contends that the special conditions have no reasonable relationship to "the nature and circumstances" of his offense and his "history and characteristics," or to the need to deter crime, to protect the public from any further crimes he may commit, and to provide him with training, medical care, or other correctional treatment. *See* 18 U.S.C. §§ 3553(a), 3583(d)(1).

The special conditions of supervised release to which Mr. Smart objects include requirements that he "participate in and follow the rules of sex offender treatment as directed by the Probation Office," that he "submit to clinical polygraph testing whenever so directed by the Probation Office," and that he "comply with all sex offender laws for the state in which" he resides. The conditions also say that "[s]ex offender assessments and treatment shall be conducted by therapists and polygraph examiners approved by the Probation Office," and that "[i]f polygraph results reveal

possible new criminal behavior this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court."

Mr. Smart argues that our decision in *United States v. Scott*, 270 F.3d 632 (8th Cir. 2001), requires us to reverse the district court's imposition of conditions of release in this case. In *Scott*, *id.* at 634-36, we held that a district court's imposition of "special conditions of sex offenders" on a defendant who pleaded guilty to armed bank robbery was an abuse of discretion. We believe, however, that *Scott* is distinguishable from the present case.

The defendant in *Scott* had previously been convicted of a sexual offense, but no sex offender-related conditions were imposed on him in connection with his sentence for that conviction. Nor were such special conditions imposed at his sentencing for the armed bank robbery. It was not until the second time that the defendant violated the conditions of his supervised release for the bank robbery crime – fifteen years after the sexual offense – that the court took into account the previous sex offender conviction in imposing the special sex offender conditions. *Id.* at 633-34, 636. The special conditions imposed in *Scott* were also highly restrictive of the defendant's liberty. They prohibited him from contacting children under the age of eighteen, from working where he had "access" to children younger than eighteen, from "loiter[ing]" within 100 feet of places frequented by children under the age of eighteen, from possessing "stimulating or sexually oriented material," and from maintaining a post office box or other private mail box. *Id.* at 634. We thus held that "the conditions are not reasonably related to the current offense for which [the defendant] was sentenced" and that "the special conditions seem unlikely to serve the goals of deterrence or public safety, since the behavior on which the special conditions are based, though reprehensible, has ceased." *Id*. at 636.

Here, Mr. Smart's sexual offenses were much closer in time to the imposition of special sex offender conditions of supervised release. According to the presentence

investigation report (the relevant factual recitations of which the district court adopted without objection), Mr. Smart was arrested in 1999 for rape and aggravated sodomy in Decatur, Georgia. As a result of this arrest, Mr. Smart pleaded guilty to an amended charge of aggravated assault and was required to complete sex offender treatment. An arrest warrant still remains active for Mr. Smart's violation of his probation for this crime. The presentence investigation report also notes that Mr. Smart was referred to juvenile court in 1987 for second degree sexual abuse. We further observe that Mr. Smart's conditions of supervised release do not restrict his personal liberty in the same manner as the conditions imposed in *Scott*.

We do not believe that the district court abused its discretion in imposing the special conditions relating to sex offenders in the present circumstances. We reject "conditions of release that were imposed without any evidence of their need and were not reasonably related to deterrence, protecting the public, or providing necessary training or correctional treatment." *United States v. Camp*, 410 F.3d 1042, 1045 (8th Cir. 2005). We have, however, upheld special conditions of supervised release not directly related to the offense for which the defendant is being sentenced where the special conditions are related to another offense that the defendant previously committed. *See, e.g.*, *id.* at 1046. Given that Mr. Smart's criminal history includes two sexual abuse offenses, that he was still on probation for the latest sexual abuse offense at the time that he committed the present offense, and that he still has an outstanding warrant for a probation violation on the latest sexual abuse offense, we conclude that the district court's imposition of special conditions of supervised release related to sex offenders was reasonably related to Mr. Smart's history and characteristics and the need to protect the public from further crimes.

## II.

Mr. Smart also argues that the district court improperly delegated authority to the probation office to determine the manner of imposing his special conditions of supervised release.  Mr. Smart specifically refers to the court's statement during sentencing, that "obviously these conditions are imposed so that probation is authorized to do these things, but probation may find it unnecessary to do some of these things, depending upon what the circumstances are at that time.  And it is left to their discretion to do that."

The authority of probation officers, though broad, is limited by their status as non-judicial officers.  So long as the sentencing judge retains ultimate responsibility, though, he or she may delegate limited authority to non-judicial officers.  *United States v. Kent*, 209 F.3d 1073, 1078-79 (8th Cir. 2000); *see also* 18 U.S.C. § 3603.

In *Kent*, we held that the sentencing court improperly delegated authority over the terms of the defendant's supervised release to the probation officer.  In that case the sentencing court said that the probation officer would decide whether the defendant would have to attend psychiatric counseling during supervised release.  Upon being asked whether the defendant could file a motion to reconsider if he disagreed with the probation officer's decision, the sentencing court responded that it "hoped it would not be 'riding herd' in the probation officer's decision to require [the defendant] to undergo psychiatric treatment."  Because this response could be interpreted as giving the probation officer final authority over a condition of supervised release, we held that the court had improperly delegated its authority.  *Id.*  We have, however, upheld a district court's delegation of authority where the court gave no indication that it "would not retain ultimate authority over all of the conditions of [the defendant's] supervised release."  *Mickelson*, 433 F.3d at 1057; *Conelly*, 451 F.3d at 945.

-5-

The district court here recognized that "it will be some time, of course, before Mr. Smart will actually be dealing with the nature of these conditions," indicating only its acknowledgment that certain of its special conditions may not be necessary at the time of Mr. Smart's release from prison fifteen years after the conditions were imposed. We detect no error because the district court's statements do not signal an abdication of ultimate authority over Mr. Smart's conditions of supervised release.

For the reasons stated above, we affirm the sentence of the district court.

_____