NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0013n.06
Filed: January 8, 2007

No. 05-6652

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| AARON DALE THOMAS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: SUTTON and GRIFFIN, Circuit Judges; and COHN, District Judge.**[*]

**AVERN COHN, District Judge**. This is a criminal case. Defendant-Appellant, Aaron Dale Thomas (Thomas), appeals from a modification of his conditions of supervised release. Thomas is on supervised release after serving a period of incarceration for a bank robbery conviction. The district court modified Thomas' supervised release by requiring him to participate in a sex-offender assessment program in order to determine the need for sex-offender treatment. Thomas appeals, arguing that the modification is not reasonably related to his bank robbery conviction, his history or characteristics, and imposes a greater deprivation on his liberty than is necessary. We agree. Accordingly, the decision of the district court is REVERSED and the special condition is VACATED.

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

On April 20, 1994, Thomas was charged in a three count indictment with bank robbery, in violation of 18 U.S.C. § 2113(a). On April 30, 1994, Thomas pled guilty to count one and the other two counts were dismissed at sentencing. The pre-sentence investigation report (PSR) detailed Thomas' rather extensive criminal history. One of his prior offenses was a 1986 conviction for sexual battery. According to the PSR, Thomas, then age twenty-five, was charged with rape after his former girlfriend discovered him engaging in sexual intercourse with her nine-year-old daughter. Thomas pled guilty to sexual battery and was sentenced to three years in prison.

On July 25, 1996, Thomas was sentenced to 151 months imprisonment followed by three years supervised release. His sentence included the standard conditions of supervised release and the following special conditions of supervised release: (1) that Thomas secure and maintain stable employment; (2) that he participate in alcohol/drug testing/treatment and mental health treatment; and (3) that he pay $8,786.00 restitution. His sentence was affirmed on appeal. *United States v. Thomas*, 132 F.3d 34 (6th Cir. Dec. 4, 1997) (Table).

Thomas's three year supervised release term commenced on June 17, 2005. About one month later, on July 22, 2005, a probation officer petitioned the district court to order an additional special condition mandating that Thomas "participate as directed in a program of mental health treatment, including a sex-offender treatment program," and that he "abide by the rules, requirements, and conditions of the treatment program, which may include submitting to

polygraph testing."

On October 13, 2005, the district court conducted a hearing on the petition to modify the conditions of Thomas' supervised release. The probation officer testified as follows:

| | |
|---|---|
| The government: | And in your experience with Mr. Thomas, has he generally fulfilled the conditions of his supervised release? |
| Probation officer: | At this time, Mr. Thomas has shown compliance, there have not been any concerns. |
| The government: | Thank you. |
| | And have you recommended an additional condition for his supervised release? |
| Probation officer: | That is correct. |
| The government: | And what is that condition? |
| Probation officer: | That condition specifically is for mental health, which is a specified sex offender treatment, which would allow for our office to better supervise Mr. Thomas. |
| The government: | Is there something in Mr. Thomas' record that led you to recommend that condition? |
| Probation officer: | As contained in the Presentence Report, he had a conviction for sexual battery. I believe that was in January of 1986. |
| The government: | And is it the practice of your office to recommend such condition for offenders with an offense like that on their record? |
| Probation officer: | For approximately one year now, we have been either – either one of two approaches have been taken. We have either presented the offender with the opportunity to sign a waiver to modify the conditions. And if not, we may have to take the matter to court to determine whether those conditions should be modified. And for the past year, we have been pushing that issue if they have a conviction surrounding a sex crime. |
| | ... |
| Probation officer: | ... Sometimes what our position is, we'll say at a minimum we feel like the individual needs to be assessed to determine whether or not there is a need for sex offender treatment. |

3

JA at 7-9.

On cross-examination, the probation officer testified that Thomas had been compliant in contacting the probation officer and maintaining employment. The probation officer also testified that the sole basis for seeking sex-offender treatment was Thomas' 1986 conviction and that "in terms of my interaction with him, there has not been anything that has raised any red flags of anything." JA at 11. Importantly, when asked to describe the nature of an assessment for sex-offender treatment, the probation officer testified:

| Probation officer: | My understanding...the assessment is approximately a three month period which consists of individual and group counseling sessions on a weekly basis. And I believe at some point during that period, you will come to them for a polygraph examination. |
| --- | --- |
| | ... |
| Probation officer: | ... I think they are weekly counseling sessions, but it may be a group or it may be just one visit on a weekly basis |
| | ... |
| Thomas' Counsel: | Would it be fair to say that this is an extensive evaluation? |
| Probation officer: | Based upon the timeframe, no doubt, to make an accurate determination and recommendation. |

JA at 14.

The district court disagreed with the probation officer's request that Thomas participate in a sex-offender treatment program, but determined that he should undergo an assessment to determine the need for sex-offender treatment. Part of the district court's decision to order an assessment, instead of treatment, was based on the non-recurrence of any sex-offense violations since 1986. The district court also recognized that the assessment was intrusive, but found that

the intrusion was justified based on the record.

## II.

### A.

This Court reviews a district court's imposition of a special condition of supervised release for abuse of discretion. *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997); *United States v. Modena*, 302 F.3d 626, 636 (6th Cir. 2002).

### B.

"This Circuit mandates that where a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld." *United States v. Bortels*, 962 F.2d 558. 560 (6th Cir. 1992). More specifically, under 18 U.S.C. § 3583(d), a district court may impose a non-mandatory special condition of supervised release if it determines that the condition is reasonably related to several sentencing factors. These factors are:

> the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other vocational treatment in the most effective manner.

18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D). The condition also must "involve[] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes; "afford adequate deterrence to criminal conduct; ...to protect the public from further crimes of the defendant; and ... provide the defendant with needed educational or vocational training, medical care or other

correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)-(D). Finally, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3).

C.

At the time of the district court's decision, this Circuit had not addressed when it is appropriate to impose a sex-offender treatment program as a special condition of supervised release where the underlying crime is not sexual in nature. A panel of this Court recently addressed the issue in *United States v. Carter*, 463 F.3d 526 (6th Cir. 2006).

The facts and circumstances of *Carter* are strikingly similar to those presented here. The defendant, Larry Carter (Carter) pleaded guilty in 2001 to being a convicted felon in possession of a firearm. In 2003, following a remand from this Court, Carter received a sentence of thirty months imprisonment and three years supervised release. The sentence included the special condition of supervised release that he participate in mental health treatment as approved by the Probation Officer. Carter's supervised release term began on September 19, 2003. On September 29, 2004, Carter admitted to violating his supervised release by committing another crime. The district court revoked the supervised release and imposed a sentence of twelve months imprisonment following by two years supervised release with the same mental health condition noted above.

In May 2005, the government petitioned the district court to modify Carter's terms of supervised release to include that Carter participate in a sex-offender treatment program. The

6

recommendation based on the fact that Carter was convicted in 1988 for rape during a burglary and for assault with intent to commit rape. The district court granted the modification and Carter appealed.

The panel first concluded that "a sex-offender-treatment condition is not reasonably related to being a felon in possession of a firearm." *Carter*, 463 F.3d at 530. The panel then considered whether the special condition was reasonably related to "the history and characteristics of the defendant." *Id*. Carter argued that the 1998 convictions were too remote in time to justify imposition of the special condition. The panel looked to cases from other Circuits which addressed the imposition of sex-offender conditions based on convictions that were several years old. The panel considered the Eighth Circuit's decision in *United States v. Scott*, 270 F.3d 632 (8th Cir. 2001) which vacated a number of sex-offender conditions that the district court justified on the basis of a fifteen year old sex offense. The panel also looked to the Ninth Circuit's holding in *United States v. T.M.*, 330 F.3d 1235, 1237, 1240 (9th Cir. 2003), where the court held that "supervised release conditions predicated upon twenty-year-old incidents, without more, do not promote the goals of public protection and deterrence." *T.M.*, 330 F.3d at 1240.

Although the panel in *Carter* did not decide "precisely how much time must elapse before a sex offense becomes too remote in time to be reasonably related to a sex-offender condition," because Carter's seventeen year old conviction fit "comfortably" within the parameters of *Scott* and *T.M.*, it concluded that it was too remote in time to justify imposition of the sex-offender condition. *Carter*, 463 F.3d at 532. Overall, the panel vacated the special condition as not being reasonably related to the charged offense or Carter's criminal history.

We see no meaningful difference in the circumstances in *Carter* and those present in this case.[1] First, it cannot be said that a sex-offender assessment is reasonably related to the offense of bank robbery. It is no more sexual in nature than being a felon in possession of a firearm. Second, as in *Carter*, there was no evidence presented other than the fact of the prior conviction to justify sex-offender treatment. Indeed, the probation officer admitted there were no "red flags" and that Thomas was performing well on supervised release. Although in imposing an assessment, as opposed to treatment, the district court attempted to justify its decision by reference to Thomas as an individual, there is simply nothing in the record to support the modification other than the fact that Thomas was convicted twenty years ago for a sex offense. Under *Carter*, this is not sufficient to show that the modification is reasonably related to the nature of the offense or the characteristics of the defendant.

The government makes much of the fact that the district court did not impose the special condition requested - that Thomas participate in a sex-offender *treatment* program - but rather required that Thomas participate in a sex-offender *assessment* program. The government says that this distinction is critical in terms of the appeal. We disagree. As recognized by both the probation officer and district court, the assessment program is an intensive program. It will require Thomas to attend weekly group and individual counseling sessions over a period of approximately three months, and require him to submit to a polygraph. The imposition of the assessment is in many ways no less stringent than requiring sex-offender treatment. Under the

---

[1]There is one fact in *Carter* not present here. Carter had a 2004 stalking conviction which the panel found may encompass sexual conduct. The panel therefore remanded the matter to the district court to determine if the 2004 conviction would justify the imposition of sex-offender treatment.

circumstances, the modification constitutes a "greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3553(d)(2). Again, following *Carter*, the condition cannot stand.

Finally, the government cites two cases from the First Circuit that have upheld the imposition of sex-offender assessment and treatment even though the charged offenses were not sex crimes. Neither case is analogous. In *United States v. Prochner*, 417 F.3d 54, 64 (1st Cir. 2005), the defendant was convicted of credit card fraud. At the time of sentencing, it was recommended that defendant undergo an assessment to determine whether he should participate in a sex-offender treatment program. The district court imposed the requirement as a special condition of supervised release. Defendant challenged the requirement on appeal. The First Circuit affirmed, noting that the fact that defendant's offense is not a sexual offense does not automatically bar the special condition. However, unlike this case, the record contained recent evidence that the defendant "engaged in inappropriate conduct with minors" ... "[e]ntries in the journal [defendant] possessed at the time of his arrest indicate that he may have had, or, at minimum, desired to have, sexual relationships with adolescent males... and [a] report by [defendant's] mental health expert and an evaluation by a clinical social worker, however, suggest[ed] that Prochner has a potential problem with adolescent males." *Id.* at 63-64. Based on this evidence, the First Circuit found the condition was reasonably related to the characteristics of the defendant and to the goals of deterrence and protection of the public. As explained above, the record does not contain any such evidence with regard to Thomas.

In *United States v. York*, 357 F.3d 14 (1st Cir. 2004), the defendant pled guilty to mailing a threatening letter to his estranged common-law spouse in violation of 18 U.S.C. § 876.

Defendant was sentenced to 41 months in prison, to be followed by three years of supervised release. As part of his supervised release, the district court required defendant to participate in a sex-offender treatment program and to submit to periodic polygraph testing as a means to ensure his participation in that program. Defendant objected to the special condition. The First Circuit affirmed, noting that defendant has an extensive criminal history relating to sex crimes and "is a recidivist sex offender who was convicted of a sex crime only three years prior to the sentencing hearing." *Id.* at 20 n. 5. Again, there is no such evidence with regard to Thomas.

III.

For the reasons stated above, the decision of the district court is REVERSED and the special condition is VACATED.