# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3788

_____

United States of America,   *
            *
   Plaintiff – Appellee,  *
            *  Appeal from the United States
   v.         *  District Court for the
            *  Northern District of Iowa.
Debra Otten,       *
            *  [UNPUBLISHED]
   Defendant – Appellant. *

_____

Submitted: October 17, 2011
Filed: November 15, 2011

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

On October 16, 2006, Debra Otten was sentenced to sixty-three months' imprisonment and four years' supervised release based on her conviction for conspiracy to manufacture more than fifty grams of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Upon her release in August 2010, Otten moved to modify the terms of her supervised release to remove conditions relating to her 2005 state conviction for child endangerment. After an evidentiary hearing, the district court[1] denied the motion. Otten appeals, and we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

On July 2, 2004, Otten was charged in state court with two counts of sexual abuse in the second degree, and two counts of child endangerment, based on her acts of inserting various items into the rectums of her two young children and performing oral sex upon her male child. Otten subsequently pleaded to a lesser count of child endangerment resulting in bodily injury, although she agreed the evidence would support a conviction for the greater charge of sexual abuse in the second degree. At the federal sentencing for Otten's methamphetamine manufacturing conspiracy, the district court imposed a number of special conditions of supervised release based on her state conviction, including conditions requiring Otten to (1) participate in a mental health evaluation and/or treatment program, which may include a sex offender treatment program; (2) have no contact with minor children without the prior written consent of the probation office; (3) not be present at places where minor children congregate, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior consent of the probation office; and (4) comply with the Sex Offender Risk Assessment and Public Notification Program in her state of residence.

"We review the district court's imposition of the terms and conditions of supervised release for an abuse of discretion." United States v. Durham, 618 F.3d 921, 933 (8th Cir. 2010) (internal quotation marks and citation omitted). While the district court is afforded wide discretion in formulating conditions of supervised release, its discretion is "limited by the requirement that the conditions be reasonably related to the § 3553(a) factors, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with any pertinent policy statements issued by the United States Sentencing Commission." Id. (internal quotation marks and citation omitted). "A condition is reasonably related to the statutory factors if tailored to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational,

medicinal, or other correctional needs." United States v. Walters, 643 F.3d 1077, 1079 (8th Cir. 2011).

Given Otten's history and characteristics, we cannot say the district court abused its discretion by imposing the sex-related conditions of supervised release. The record shows Otten has a history of sexually abusing her minor children. See United States v. Wiedower, 634 F.3d 490, 494 (8th Cir. 2011) ("In order to impose a condition of participation in mental health treatment, the district court must have reason to believe the defendant needs such treatment.") (internal quotation marks and citation omitted); United States v. Simons, 614 F.3d 475, 481 (8th Cir. 2010) ("In many of our cases affirming no-contact conditions, we have cited a defendant's history of sexual abuse of minors as a factor in our decisions."); United States v. Fenner, 600 F.3d 1014, 1027 (8th Cir. 2010) ("Although the sex-offender treatment does not relate to the drug offenses, it does relate to another offense that the defendant previously committed.") (internal quotation marks and citation omitted). Moreover, the sexual abuse Otten perpetrated on her children was occurring during the same time period, and even in the same residence, as her conspiracy to manufacture methamphetamine. Compare United States v. Smart, 472 F.3d 556, 559 (8th Cir. 2006) (affirming the imposition of sex-related conditions on a defendant convicted of illegal possession of a firearm because the defendant's prior sexual offenses were much closer in time to the imposition of the conditions and the conditions did not restrict the defendant's personal liberty) with United States v. Scott, 270 F.3d 632, 635-36 (8th Cir. 2001) (concluding the district court abused its discretion by imposing sex-related release conditions on a convicted armed robber because the conditions were not reasonably related to the offense of conviction and there was no evidence explaining the need for the conditions based on the defendant's fifteen-year-old sexual offense).

In addition to being reasonably related to Otten's history and characteristics, the record demonstrates the challenged conditions were necessary to protect the

public from further crimes.  See Simons, 614 F.3d at 482-83 (upholding a condition prohibiting the defendant from coming within 500 feet of schools, parks, and playgrounds because the defendant had a history of committing crimes against children and thus the court had a duty to protect the public from future crimes). Finally, we note the conditions prohibiting contact with minors and attendance at places where minors congregate are not absolute, as Otten may engage in these activities if she obtains the consent of the probation office.  We have previously found this to be a critical distinction.  See Wiedower, 634 F.3d at 498 ("In coming to our decisions [relating to prohibitions on contacting minors and entering places frequented by minors], we found it important that the prohibitions were not absolute, in that the defendant could always seek prior approval from the probation office to contact minors or enter areas where minors congregate."); Simons, 614 F.3d at 482 ("Moreover, we note that the condition is not a complete ban, as [the defendant] can still have contact with minors, including his own children, if he obtains permission from his probation officer.").

Under the circumstances, the district court did not abuse its discretion in refusing to modify Otten's conditions of supervised release.  Therefore, we affirm.

_____