TORRUELLA, Circuit Judge
(Dissenting).
Because I find that the district court’s imposition of the special condition of supervised release — participation in a sex offender treatment program with accompanying requirements — is not “reasonably related to the factors set forth in section 3553(a)(1),” namely, the “nature and circumstances of the offense and the history and characteristics of the defendant,” I am forced to dissent. 18 U.S.C. §§ 3553(a)(1), 3583(d)(1); see also U.S.S.G. § 5D1.3(b). Nor do I find that the challenged condition is “sufficiently related to one or more of the permissible goals of supervisory release,” United States v. Brown, 235 F.3d 2, 6 (1st Cir.2000), which include: (1) the need to deter the defendant from further criminal conduct; (2) the need to protect the public from further crimes by the defendant; and (3) the effective educational, vocational, medical, or other correctional treatment of the defendant. U.S.S.G. § 5D1.3(b)(l); see also 18 U.S.C. § 3583(d)(1).
First, the imposed special condition is not tailored to the nature and circumstances of the offense or to Morales-Cruz’s criminal history and characteristics as required under U.S.S.G. § 5D1.3(b)(2). The Government offered no evidence regarding Morales-Cruz’s “characteristics” that touch on either past sexual behavior or misconduct, so my review will focus on whether the special condition was reasonably related to his criminal history. While Morales-Cruz has prior convictions, his conviction for attempted sexual assault on an adult female victim occurred approximately eighteen years before the instant SORNA conviction and is too remote in time to be reasonably related to the imposition of the special condition here. There is ample precedent from sister circuits rejecting the imposition of special conditions where the sex offense conviction is temporally remote. See United States v. Dougan, 684 F.3d 1030, 1036 (10th Cir.2012) (imposition of special condition of sex offender treatment vacated where most recent sexual offense occurred sixteen years prior to the convicted crime); United States v. Rogers, 468 Fed.Appx. 359, 363 (4th Cir.2012) (vacating imposition of sex offender treatment special condition where criminal sexual assault conviction in over twenty years old and there was no evidence before the district court that such an act of violence characterized defendant’s offense behaviors in the years since he was released from incarceration); United States v. Sharp, 469 Fed.Appx. 523, 525 (9th Cir.2012) (special sex offender treatment conditions vacated where defendant’s sex offense was more than a decade old at the time of sentencing, “making it too remote to justify the conditions by itself’); United States v. Carter, 463 F.3d 526, 531 *77 (6th Cir.2006) (seventeen-year-old conviction for a sex offense “too remote in time to justify the imposition of a sex-offender-, treatment condition in 2005”); United States v. Scott, 270 F.3d 632, 636 (8th Cir.2001) (sex offender special condition reversed where fifteen-year-old conviction for forcible rape and sodomy of defendant’s nine-year-old stepdaughter was too remote); United States v. Kent, 209 F.3d 1073, 1077 (8th Cir.2000) (abuse against wife thirteen years prior to mail fraud conviction too remote for imposition of special condition of supervisory release of mental health treatment).
While it may be permissible to impose special sex-offender-related conditions where the convicted' crime is not a sex crime, I agree with the Tenth Circuit that “such cases ... would require a stronger nexus ... between defendant’s history and characteristics and the sex-offender-related conditions before ... concluding] that the latter were ‘reasonably related’ to the former.” Dougan, 684 F.3d at 1036. The nexus in this ease is not strong enough. Morales-Cruz has committed no sexual offense-based crimes since his 1994 conviction; he is not a recidivist sex offender. See United States v. York, 357 F.3d 14, 20 n. 5 (1st Cir.2004) (distinguishing the imposition of the sex offender special condition to defendant York, “a recidivist sex offender,” from the reversal of such imposition in Scott, where “the only evidence of sexual misconduct by the defendant was a single conviction over fifteen years old [and t]he court concluded that that sex-offender treatment was unnecessary because the defendant’s sex-related misconduct had ceased.”).
The instant and 2002 SORNA failure-to-register convictions, while troubling, are not in themselves sufficient to establish a reasonable relation to the imposition of a special condition of a sex offender treatment program. The SORNA offenses on their face do not constitute sexual offenses nor are they defined as such by the Guidelines for purposes of supervised release. See U.S.S.G. § 5D1.2 cmt. n. 1 (2003) (“Sex offense” means “an offense, perpetrated against a minor,” including, inter alia, domestic assault by a habitual offender, kidnaping, sex trafficking, or conspiracy to commit those crimes). Further, the record provides no indication that Morales-Cruz’s failure to register coincided with or made more likely a return to his commission of sexual offenses. “Even with a failure to register, no appellate court has upheld the imposition of special sex-offender conditions of release when based upon an underlying offense that is seventeen years old,” Dougan, 684 F.3d at 1037, until the majority in this case. The reasoning of the majority — that continuing failures to register permit “a rational inference that Morales-Cruz presented a recidivism risk and warranted deterrent punishment” — is unwarranted and inappropriate speculation lacking support in the record. It confuses a possible rational inference of recidivism and deterrence concerns as to criminal conduct generally with the entirely unfounded speculation that Morales-Cruz presented recidivism risks and needed deterrence from committing further sexual offenses. In fact, there is no record support for Morales-Cruz’s recidivism of sexual offenses.[1] Further, *78 the majority’s reasoning is ripe for double-counting, rationalizing a district court’s discretion to impose a special condition outside the Sentencing Guidelines to increase a sentence due to a harm that has already been fully accounted for and based on temporally distant sex-offense and failure-to~register convictions that the defendant has already served sentences for.
Nor does the record show that the special condition was reasonably necessary to achieve the goals of supervisory release. Those goals, as summarily listed by the district court at its sentencing hearing, include: (1) the need to protect the community; (2) promoting defendant’s “insight of his wrongdoings”; and (3) deterrence.
First, while Morales-Cruz’s criminal record may justify his sentence and all of the other special conditions imposed by the district court, it is unclear why a sex offender treatment program would fulfill the need to protect the community in this particular case. The district court has given no indication of how defendant’s temporally remote sex-offense conviction followed by a consistent failure to commit a sexual offense would present a danger to the community of defendant committing another sexual offense, thus warranting the imposition of a sex offender treatment program. Rather, as stated supra, a contrary inference from the record is more likely: there appears to be no relationship between defendant’s failure to register and the commission of sexual offenses. Further, in demonstrating defendant’s danger to the community, the district court listed traits associated with Morales-Cruz’s criminal conduct generally, but those traits only traced a pattern of criminal conduct, not a pattern of committing offenses with a sexual component (e.g., “The Court must protect the community from individuals like Mr. Morales who openly disrespect the law by engaging in continuous criminal conduct and fail to abide by their supervision convictions.... ”).[2]
Second, the goal of promoting defendant’s “insight of his wrongdoings” may be construed as a rehabilitative goal. However, while the imposition of a sex-offender treatment program may rehabilitate a person "with a proven proclivity of committing sexual offenses, Morales-Cruz has demonstrated no such proclivity. He may have demonstrated a proven proclivity towards criminal conduct, but not towards sexual offenses. Therefore, it is unclear how sex offender treatment would rehabilitate him as to sexual crimes if he has not committed such crimes in the past 18 years, and it is even less clear how the treatment program could “rehabilitate” him from committing the non-sexual offense-based failure-to-register or other crimes he has committed in the past 18 years. Unless a sex offender treatment program could be shown to be reasonably related to rehabilitation from non-sexual crimes more generally, including failure-to-register crimes, I cannot find a reasonable connection here.
Finally, the above arguments support a finding that there is no reasonable relationship between defendant’s criminal history and record, the imposition of a sex offender treatment program, and the goal of deterrence. See United States v. T.M., 330 F.3d 1235, 1240 (9th Cir.2003) (“The fact that [the defendant] has lived the last twenty years without committing a sex *79 offense suggests that he no longer needs to be deterred or shielded from the public.”); Scott, 270 F.3d at 636 (“Because the condition was based on conduct that occurred more than a decade before the current offense, the condition would not serve the goals of deterrence or public safety”); Kent, 209 F.3d at 1077 (“[T]he use of the condition as a deterrent makes little sense in light of the fact that the behavior to be deterred had ceased independently.”). The majority opinion appears to infer a specific subjective state of mind on the part of Morales-Cruz that would warrant the imposition of the special condition. Specifically, it appears to infer from the record a state of mind from his continued failure to register that “he was likely to or wanted to commit additional offenses freed from the constraints of registration.” I find it difficult to join in that conclusion when defendant has provided us an 18-year record of the opposite state of mind. The district court has imposed a sentence and a series of quite burdensome special conditions tailored to defendant’s record that defendant does not challenge; in my view, it is unreasonable to impose additional conditions of the type challenged on appeal which rely on pure speculation and assumptions regarding defendant’s propensity towards specifically sexual offense-based crimes.
Because the special condition imposed constitutes a “greater deprivation of liberty that is reasonably necessary” to achieve the purposes of supervisory release, U.S.S.G. § 5D1.3 (b)(2), I respectfully dissent.

. The danger of recidivism should not be construed based on general statistics of recidivism by sexual offenders, but rather by an assessment of the conduct of a particular sexual offender, particularly when a -district court imposes a non-guideline sentence. See, e.g., United States v. Miller, 601 F.3d 734, 739 (7th Cir.2010) ("An above-guidelines sentence is more likely to be reasonable if it is based on factors [that are] sufficiently particularized to the individual circumstances of the case rather than factors common to offenders with like *78 crimes.”) (internal quotation marks and citations omitted).

. We also note that the district court did not order Morales-Cruz professionally evaluated "for the purpose of obtaining a reliable expert opinion whether participation in a treatment program for sexual offenders actually comported with the needs of society or of” Morales-Cruz himself. See Rogers, 468 Fed.Appx. at 363.