# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1421

_____

United States of America,

*Plaintiff - Appellee,*

v.

Daniel Stelmacher,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 8, 2018
Filed: June 5, 2018

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Daniel Stelmacher pleaded guilty to possession of a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The district court[1] sentenced him to 31 months' imprisonment and three years of supervised release.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

The district court imposed several conditions of supervised release and twice revoked Stelmacher's supervised release based on violations. Stelmacher appeals the court's imposition of two conditions that limited his freedom to have contact with his minor daughter and the daughter's mother. We conclude that the conditions were reasonably related to the relevant sentencing factors and were reasonably necessary restrictions on Stelmacher's liberty, so we affirm.

I.

As part of Stelmacher's sentence in August 2012, the district court imposed a term of supervised release and ordered Stelmacher to comply with several standard conditions of supervision. One standard condition forbade Stelmacher to associate with convicted felons without prior permission from a probation officer.

The court also imposed special conditions based on Stelmacher's prior conviction in 2007 for fourth-degree sexual assault involving a minor. One condition prohibited "contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without the prior written consent of the probation office." At the time of sentencing, Stelmacher had no children. In the event that he were to father or adopt children, however, the special condition also specified that the "U.S. Probation Office shall work with the defendant and the defendant's family to set up supervised communications and visits with the defendant's biological and legally adopted children."

While Stelmacher resided at a halfway house in 2014 before beginning his term of supervised release, he met a convicted felon named Hannah Walton and began a romantic relationship. Stelmacher and Walton conceived a daughter who was born in March 2015. These developments set up a conflict between Stelmacher's personal life and the aforementioned conditions of supervised release.

Stelmacher began his term of supervision in January 2015. Soon after, Stelmacher violated several conditions of release; two violations were based on unapproved contact with Walton, a convicted felon, and with his minor daughter. He also failed to participate in substance abuse testing, failed to answer a probation officer's inquiries truthfully, and consumed alcohol.

The court revoked Stelmacher's supervised release and sentenced him to eight months' imprisonment and two years of supervised release. The court reimposed the special condition that prohibited unsupervised contact with minor children, and imposed a new special condition prohibiting Stelmacher from having any direct or indirect contact with Walton.

Stelmacher began his second term of supervised release in December 2016. While on supervision, Stelmacher moved for modification of the two special conditions relating to Walton and minor children. He also contacted the probation office to request contact with his daughter. The probation office was in the process of arranging supervised visitation with the daughter when Stelmacher again violated the terms of his release. Stelmacher also was scheduled for a sex offender program intake assessment and polygraph testing on January 31, 2017, but he was unable to keep the appointment after he was arrested for the supervised release violations.

In February 2017, the court held a revocation hearing to consider both the most recent alleged violations and the motion to modify the special conditions. Stelmacher admitted that he committed seven different violations of his conditions of supervision between January 18 and January 20, including unauthorized contact with Walton and his daughter. The court denied Stelmacher's motion for modification and sentenced him to 10 months' imprisonment and one year of supervised release. The court reimposed the same special conditions prohibiting contact with Walton and requiring probation office approval for contact with Stelmacher's daughter or other children.

II.

This court reviews the imposition of special conditions of supervised release for abuse of discretion. *United States v. Smart*, 472 F.3d 556, 558 (8th Cir. 2006). Under 18 U.S.C. § 3583(d), a sentencing court may impose special conditions of supervised release if "(1) the conditions are reasonably related to [certain] sentencing factors identified in 18 U.S.C. § 3553(a); (2) the conditions do not deprive the defendant of liberty to a greater degree than is reasonably necessary; and (3) the conditions are consistent with any relevant policy statements by the Sentencing Commission." *Smart*, 472 F.3d at 557-58.

Stelmacher first challenges the special condition prohibiting unsupervised contact with his child. This court has "upheld special conditions of supervised release not directly related to the offense for which the defendant is being sentenced where the special conditions are related to another offense that the defendant previously committed." *Id.* at 559. In this case, as noted, Stelmacher had sustained a prior conviction for having sex with a thirteen-year-old girl when he was twenty years old.

Stelmacher complains that the district court imposed the special condition without conducting an individualized assessment of the need for such a condition and should have removed the condition in February 2017. When the court originally imposed the condition, however, Stelmacher had no children, so there was no need for the court to consider that circumstance. When Stelmacher later moved to modify the condition, the lack of a more particularized assessment was largely a problem of Stelmacher's own doing. The probation office had arranged for a sex offender assessment on January 31, 2017, but Stelmacher's violations and attendant arrest prevented him from keeping the appointment. As the court explained:

-4-

Had he gone through the process, had he gone to the assessment, and had the Court been satisfied that there was nothing to be concerned about in terms of having visitation, the process would have proceeded, and he'd probably have visitation with his child at this point. I can't guess whether it would be supervised or nonsupervised because I don't have enough information because he didn't go through the process.

Without a current professional assessment of Stelmacher as a sex offender, the court concluded that the record did not support lifting the restriction on unsupervised contact with his daughter. Although the government bears the burden to justify a condition of supervised release, we have held in prior decisions that a criminal history involving sexual offenses against minors is sufficient to justify restrictions on contact with a defendant's own minor children. *United States v. Schultz*, 845 F.3d 879, 882-83 (8th Cir. 2017); *United States v. Simons*, 614 F.3d 475, 481-82 (8th Cir. 2010). "[R]equiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate," especially because "most sexual abuse of children takes place at the hands of family members or friends." *United States v. Mickelson*, 433 F.3d 1050, 1057 (8th Cir. 2006).

Under the circumstances here, the special condition was "reasonably related" to deterring future criminal conduct and protecting Stelmacher's daughter. The condition was also no more restrictive than reasonably necessary. Stelmacher is permitted to contact his daughter with the approval and supervision of the probation office, and the probation office was ordered to facilitate visitation with Stelmacher's child. *See United States v. Walters*, 643 F.3d 1077, 1081 (8th Cir. 2011); *Simons*, 614 F.3d at 482. If such permission is denied unreasonably, then he may seek relief from the district court under 18 U.S.C. § 3583(e). *See Mickelson*, 433 F.3d at 1057.

Stelmacher argues that *United States v. Scott*, 270 F.3d 632 (8th Cir. 2001), calls for reversal here. *Scott* held that a district court abused its discretion by imposing "special conditions of sex offenders" on a bank robber at a second

revocation hearing held eight years after the original sentencing. *Id.* at 636. *Scott* seemed to allow that a court could "take into account a defendant's past offense, unrelated to the offense of conviction, in fashioning conditions of supervised release," but ruled that a fifteen-year-old conviction for a sex offense did not justify adding new conditions that were not included when the defendant was originally sentenced or at a first revocation hearing. *Id.* By contrast, the district court here imposed the special condition at Stelmacher's initial sentencing hearing when the prior conviction was only five years old. As in *Smart*, 472 F.3d at 559, Stelmacher's sex offense was "much closer in time to the imposition of the special sex offender condition[] of supervised release" than was the prior offense in *Scott*. And our decisions after *Scott* have upheld restrictions on contact with a defendant's own minor children in similar circumstances.

The court also did not abuse its discretion by prohibiting Stelmacher from having direct or indirect contact with Walton. At the 2017 revocation hearing, the court found that Walton is a felon who struggles with drug abuse, that Stelmacher has a history of using drugs, and that Stelmacher repeatedly violated the terms of his release by failing to participate in drug testing. The court reasonably explained that a condition prohibiting contact with felons and other drug users serves a rehabilitative purpose, noting research that "individuals who change who they associate with and stop associating with other drug users and other criminals can rehabilitate and have a much easier time of rehabilitation." The special condition thus reasonably served to deter future criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). Stelmacher argues that the no-contact condition unreasonably interferes with his ability to communicate with Walton about care for their daughter. Evidence at the hearing, however, showed that Walton shared custody of the child with a full-time daycare provider, and Stelmacher is not forbidden to communicate with the daycare provider as necessary regarding care for the child. As to Walton, the court reasonably concluded that Stelmacher's prior flouting of the conditions of release by living with a convicted felon made a less restrictive condition unsatisfactory.

The judgment of the district court is affirmed.

_____