# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3782
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Stelmacher

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 13, 2022
Filed: July 25, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Daniel Edward Stelmacher pled guilty to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). The district court[1] sentenced him to 24 months in prison and three years of supervised release. As a

---

[1]The Honorable Charles J. Williams, United States District Judge for the Northern District of Iowa.

condition of release, the court prohibited Stelmacher from having "contact with children under the age of 18 . . . without the prior written consent of the United States Probation Office." Stelmacher objected to this condition and appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews for abuse of discretion the district court's decision to impose a special condition of supervised release. *United States v. Hobbs*, 845 F.3d 365, 367 (8th Cir. 2016). A special condition must be reasonably related to the § 3533(a) factors, involve "no greater deprivation of liberty than is reasonably necessary" for § 3533(a)'s purposes, and must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d). "In fashioning a special condition of supervised release, a court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012).

Stelmacher believes the district court abused its discretion because the condition is not related to the nature of his conviction, his characteristics, or the purpose of sentencing. This belief has no merit. The district court conducted an individualized inquiry into Stelmacher's case, rejecting two conditions that would prohibit him from being present at places where minor children under 18 congregate and require him to participate in an evaluation for sex offender treatment. It found the appealed condition necessary, however, based on his sexual assault of a 13-year-old in 2007 and his failure to register as a sex offender. About the appealed condition, it said:

> It is less restrictive of the defendant than the other conditions, imposes on his liberty interests less, and does still provide some protection to the community while he's on supervision. I note that this is a 3-year term of supervised release, so this is not a lifetime condition on him. And so for 3 years while he's under supervision of this court, restricting him from having contact with children under the age of 18, unless it's

his own children, is an appropriate restriction given his criminal history here. And so I will sustain the defendant's objections to paragraphs 83 and 85, but not 82.

Stelmacher relies on *United States v. Scott*, 270 F.3d 632 (8th Cir. 2001), where this court rejected sex-offender related special conditions because they bore "no reasonable relationship to the nature of the convicted offense" of bank robbery, but rather were based on a sex-related conviction that occurred more than 15 years prior. *Scott*, 270 F.3d at 636. And in the 15 years between the sex-related conviction and bank robbery, Scott had no repeated sex-related misconduct. *Id*. After *Scott*, this court clarified that not all special conditions of release must be related to a defendant's offense of conviction. *See United States v. Smart*, 472 F.3d 556, 559 (8th Cir. 2006) (noting this court has "upheld special conditions of supervised release not directly related to the offense for which the defendant is being sentenced where the special conditions are related to another offense that the defendant previously committed").

Although the challenged special condition is not related to the offense of conviction, it is related to a previous offense and recent conduct. Stelmacher first faced the challenged condition at his 2012 sentencing for unlawfully possessing a controlled substance. *See United States v. Stelmacher*, 891 F.3d 730, 732 (8th Cir. 2018). At that time, the court also required supervised visits with his minor children. *Id*. In 2018, after multiple violations of these conditions of release, Stelmacher appealed the condition requiring supervised visits with his minor child. He did not appeal the condition prohibiting contact with children under 18. *Id*. This court affirmed. *Id*. Since 2018, Stelmacher has engaged in repeated, unapproved contact with his minor child and was convicted of a sex offender registry violation. Unlike *Scott*, Stelmacher's sex-offender-relevant misconduct is recent.

The district court did not abuse its discretion in imposing the condition, considering Stelmacher's conviction for sexual assault and his recent violations of sex-related conditions of supervised release.

* * * * * * *

The judgment is affirmed.

_____