NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0187n.06

No. 13-3252

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 10, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

SAMUEL P. MAYS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

BEFORE: MERRITT, SUTTON, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Samuel P. Mays was convicted by a jury of bribing a government official in order to obtain work for his construction company, of embezzling assets from his company's 401(k) plan, and of making false statements by falsely representing that the 401(k) plan was funded. Mays now appeals his convictions and sentence, arguing that the indictment was deficient, that the district court erred at sentencing, and that the district court erred by failing to issue a specific unanimity instruction to the jury. For the reasons set forth below, we affirm.

I.

First, defendant argues that the indictment was deficient because: (1) it used disjunctive language, and (2) it charged him for conduct occurring outside the statute of limitations period. We disagree and find no plain error.

Because Mays did not object to the indictment below, he concedes on appeal that our review is for plain error. Plain error review "involves four steps, or prongs." *Puckett v. United States*, 556 U.S. 129, 135 (2009). The defendant bears the burden to establish each prong.

> First, there must be an error or defect—some sort of "[d]eviation from a legal rule"—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. [*United States v. Olano,* 507 U.S. 725,] 732–33 [(1993)]. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. See *id.*, at 734. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." *Ibid.* Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.*, at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

*Id.* It is difficult for a defendant to meet his burden to satisfy the plain-error prongs, "as it should be[.]" *United States v. Dominguez-Benitez*, 542 U.S. 74, 83 n.9 (2004).

Mays has failed to meet his burden to show that the indictment's use of the disjunctive amounted to plain error affecting his substantial rights. "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *Id.* (internal citation and quotation marks omitted). "The yardstick in determining whether there is duplicity . . . is whether one offense or separate offenses are charged[.]" *Id.* (internal citation and quotation marks omitted). "The test announced most often in the cases is that offenses are separate if each requires proof of an additional fact that the other does not." *Id.* at 416 (internal citation and quotation marks omitted).

Count 1 of the indictment charged that defendant "did directly and indirectly, corruptly give, offer, and promise something of value to a public official, **or** offered or promised a public official to give anything of value to any other person[.]" (Emphasis added.) This language tracks almost identically the language of the statute under which defendant was charged: 18 U.S.C. § 201(b)(1)(A). Defendant argues that the indictment "gives no certainty as to whether it charges" that defendant is guilty of "(1) giving something of value to a public official, or (2) offering to give something of value to another [third] person." Here, (1) and (2) each require proof of a fact the other does not. Accordingly, despite defendant's insistence that his argument on appeal is not a duplicity argument, it clearly is as a matter of logic.

Even assuming, arguendo, that defendant has established that the indictment was erroneous, he has failed to show that it affected the outcome of the district court proceedings and is therefore not entitled to reversal. This court has previously noted that the "harm from a duplicitous indictment is inextricably intertwined with the jury instructions actually given." *United States v. Kakos*, 483 F.3d 441, 445 (6th Cir. 2007). Here, the jury was not instructed on both types of bribery. Rather, the jury was instructed only as to whether defendant "promise[d] something of value to a public official." Specifically, the trial court instructed the jury:

> In order to establish the offense of bribery of a public official with intent to influence the performance of his official acts, the government must prove each of the following essential elements by proof beyond a reasonable doubt.
>
> First: That the defendant gave, offered or promised something of value as described in the Indictment to [the government official].
>
> Second: That [the government official] was, at that time, an official of the United States or was acting on behalf of the United States; and
>
> Third: That the defendant made the gift, offer or promise corruptly with the intent to influence an official act.

In spite of this instruction, defendant claims that "[t]he [trial] judge's charge to the jury included . . . the problematic language of the indictment." However, defendant is referring to a separate portion of the trial transcript in which the court read the indictment to the jury. The passage of the transcript relied on by defendant is not the jury instruction. Because the jury was instructed as to only one type of bribery under the statute, it was only instructed as to one "offense." *Davis*, 206 F.3d at 415. Accordingly, here, defendant's conviction "rests on only one . . . offense[]." *Id.* (internal citation and quotation marks omitted). Therefore, even assuming that the indictment was in error, defendant has failed to meet his burden to show that the result in the trial court would have been different absent that error. *Puckett*, 556 U.S. at 135. He is therefore not entitled to reversal. *Id.*

Defendant has also failed to meet his burden to show plain error affecting his substantial rights with regard to his argument that the indictment improperly charged conduct outside the statute of limitations period.

The essence of bribery under § 201 is the receipt of something of value "in exchange for an official act." *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404–05 (1999) (emphasis omitted). However, the exchange itself does not have to be contemporaneous with the receipt of something for value. "The agreement between the public official and the person offering the bribe need not spell out which payments control which particular official acts. Rather, it is sufficient if the public official understood that he or she was expected to exercise some influence on the payor's behalf as opportunities arose." *United States v. Terry*, 707 F.3d 607, 612 (6th Cir. 2013) (internal quotation marks omitted). Moreover, other circuits have held—consistent with *Terry*, and contrary to defendant's argument—that a bribery scheme violates the law even in the absence of a one-to-one correspondence between payments and acts.

*See, e.g., United States v. Rosen*, 716 F.3d 691, 700 (2d Cir. 2013) ("Once the quid pro quo has been established, . . . the specific transactions comprising the illegal scheme need not match up this for that." (internal citation omitted)); *Ryan v. United States*, 688 F.3d 845, 852 (7th Cir. 2012), *cert. denied,* 133 S. Ct. 1275 (U.S. 2013) ("[T]he Government presented a valid 'stream of benefits,' 'retainer,' or 'course of conduct' bribery theory."); *United States v. Whitfield*, 590 F.3d 325, 350 (5th Cir. 2009) ("[A]ll that must be shown is that payments were made with the intent of securing a specific *type* of official action or favor in return. For example, payments may be made with the intent to retain the official's services on an 'as needed' basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf. This sort of 'I'll scratch your back if you scratch mine' arrangement constitutes bribery because the payor made payments with the intent to exchange them for specific official action." (quoting *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998)).

Here, Mays, a construction contractor, engaged in an ongoing scheme along with another contractor and a government official to provide services to the government official. In exchange, the government official provided defendant and the other contractor with government contracts for work. Mays' bribery scheme arguably constituted a continuing offense—which would make the fact that the scheme began outside the statute of limitations period immaterial, as the scheme undoubtedly continued within the limitations period. However, in any event, we cannot say that the district court committed plain error by allowing the indictment to stand. Even assuming that the bribes constituted a series of discrete offenses rather than one continuing offense, moreover, Mays cannot prevail. The government introduced ample evidence that Mays paid bribes during the limitations period, including testimony from the bribed official and from another participant in the bribery scheme. Thus, even assuming that the indictment should not have mentioned

conduct before the limitations period, Mays has not met his burden of showing that the result of the trial would have been different in the absence of the alleged error. *Puckett*, 556 U.S. at 135.

II.

Mays next argues that the district court erred by failing to consider sentencing disparities between him and his co-participants in the bribery scheme. We disagree.

This court reviews a district court's sentencing decision for reasonableness. *United States v. Coleman*, 664 F.3d 1047, 1048 (6th Cir. 2012). Reasonableness has both procedural and substantive components. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

"[P]lain-error review applies on appeal to those procedural-reasonableness arguments that were not preserved in the district court." *United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011) (internal quotation marks omitted). A sentence is procedurally unreasonable if, among other things, the district court "fail[s] to calculate (or improperly calculate[s]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Defendant's challenge to his sentence is a procedural-reasonableness challenge to which he failed to object below; accordingly, our review is for plain error. Defendant relies on *United States v. Wallace*, 597 F.3d 794, 804 (6th Cir. 2010), as his exclusive substantive authority as to his sentencing disparity argument. However, *Wallace* is distinguishable. There, the defendant raised an argument in the district court regarding her coconspirator's relative sentence and culpability. In fact, this court noted that the defendant's disparity argument was "the central point of [the defendant's] argument for a lower sentence" in the district court. *Id*. at 803. However, the district court failed altogether to consider the defendant's sentencing argument;

this court noted that, although the government presented reasons why the defendant's sentence was reasonable, "this Court cannot determine why the district court thought it was appropriate that [the defendant] and [her codefendant] should receive such disparate sentences" because the district court had not addressed an argument that had been raised below. *Id*. at 804. Indeed, the court in *Wallace* remanded because the district court had not even considered an argument that had been raised, not because the defendant's sentence was, in fact, unfair when compared to her codefendant's. By contrast, here, far from being "central" to his sentencing argument below, defendant never raised an argument that his sentence was unfair compared to his codefendants for the reasons stated above. The district court cannot have imposed a procedurally unreasonable sentence where it failed to consider an argument that was never raised.

Defendant's sentence is otherwise procedurally reasonable. Defendant does not argue that the district court improperly calculated the Guidelines range, nor does he argue that the district court treated the Guidelines as mandatory. *See Gall*, 552 U.S. at 51. The district court spent considerable time considering the factors set forth in 18 U.S.C. § 3553(a). Moreover, defendant's sentence was within the advisory range, and this court has noted that

> the Supreme Court has held [that] "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges," and the district court's very act of correctly calculating and reviewing the advisory range indicates that a district judge "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."

*United States v. Simmons*, 587 F.3d 348, 363 (6th Cir. 2009) (quoting *Gall*, 552 U.S. at 54). Nor did the district court select the sentence based on clearly erroneous facts or fail to explain the chosen sentence. *Gall*, 552 U.S. at 51.

III.

Finally, defendant argues that the district court erred by not issuing a specific unanimity instruction for Count 4 of the indictment, which alleged that defendant made false statements related to his certification of payroll reports indicating that his company's 401(k) plan was being funded. Defendant failed to object to the absence of a specific unanimity instruction below; accordingly, our review—once again—is for plain error.

"[A]n improper jury instruction will rarely justify reversal of a criminal conviction when no objection has been made at trial, . . . and an omitted or incomplete instruction is even less likely to justify reversal, since such an instruction is not as prejudicial as a misstatement of the law." *United States v. Miller*, 734 F.3d 530, 538 (6th Cir. 2013) (internal citation omitted). Moreover, "creative speculation as to how a juror *might* be confused does not establish a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts." *Id.* at 539 (internal quotation marks omitted). Here, defendant's argument, in essence, is that the jury *may* have been confused about which payroll statements were false. Defendant never points to any evidence beyond mere speculation as to why defendant would have been found not guilty as to Count 4 but for the district court's failure to issue a specific unanimity instruction. Accordingly, he has failed to demonstrate plain error affecting his substantial rights.

IV.

For the foregoing reasons, we affirm defendant's convictions and sentence.