NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0864n.06
Filed: November 28, 2006

No. 05-6167

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RONNIE PERKINS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, CLAY, and BALDOCK,[*] Circuit Judges.

**SILER**, Circuit Judge. Defendant Ronnie Perkins appeals the imposition of his 110-month sentence. He raises issues concerning the use of hearsay during the sentencing hearing, the reasonableness of the sentence, and the imposition of sex-offender treatment as a condition of supervised release. For the reasons set forth below, we AFFIRM.

**I.**

Perkins pled guilty to the illegal possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). Officer Alston testified at the sentencing hearing that he and his partner responded to a disturbance call at an apartment. There, two female juveniles told the officers that Perkins was inside with a gun and was fighting with their mother, Roslin Perkins. Officer Alston entered the

---

[*] The Honorable Bobby R. Baldock, Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

room and Roslin ran in crying and screaming and looking as if she had been struggling with someone. The officer instructed her to exit the room through the window at which point Ronnie Perkins followed holding a firearm. He was then arrested.

Perkins presented no witnesses at the sentencing hearing. The Presentence Report ("PSR") noted that Perkins had three prior felony convictions as well as other lesser convictions for a criminal history category of VI. It recommended a 4-point enhancement for use of a firearm in the commission of another felony and a 3-point reduction for acceptance of responsibility, and established Perkins's sentencing range from 110 to 135 months. The district court accepted both the enhancement and the reduction, noted Perkins's objections to the use of two unsworn statements in calculating the enhancement, and imposed a 110-months sentence and sex-offender treatment as a condition of supervised release.

## II.

Perkins contends that the district court's reliance on the unsworn written statements of his wife and another witness violated his Confrontation Clause right. However, "confrontation rights do not apply in sentencing hearings as at a trial on the question of guilt or innocence." *United States v. Silverman*, 976 F.2d 1502, 1508 (6th Cir. 1992) (en banc). Perkins contends that this rule was altered by the decision in *Crawford v. Washington*, 541 U.S. 36, 59 (2004). However, we rejected the same argument in *United States v. Katzopoulos*, 437 F.3d 569, 576 (6th Cir. 2006) ("there is nothing specific in *Blakely*, *Booker* or *Crawford* that would cause this Court to reverse its long-settled rule of law that [the] Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings.").

Perkins next contends his sentence is unreasonable. Here, the district court considered the factors in § 3553(a)[1] and took into account Perkins's extensive criminal history, but nonetheless imposed a sentence at the bottom of the Guidelines range. It further treated the Guidelines as advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Perkins identifies no factor that was undervalued, nor what interests are disserved by the length of his sentence. He merely contends that the process was somehow illusory but never says how. Thus, he has not shown that his sentence is unreasonable. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

Perkins lastly contends that his sentence to sex-offender treatment was unreasonable. We review conditions imposed during supervised release for an abuse of discretion. *See United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997). Under 18 U.S.C. § 3583, special conditions for release may be imposed if they reasonably relate to the factors in § 3553(a). Section 3553(a) requires the court to consider, among other things, the need for "correctional treatment," *i.e.*, rehabilitation and therapy. Thus, even though the instant conviction was not for rape or sexual assault, it follows in a string of aggressive behavior toward women which this type of counseling could help ameliorate. *See United States v. Hill*, 150 Fed. App'x 416, 422-23 (6th Cir. 2005) (noting that sex offender

---

[1] The district court stated:

> Based upon review of the record in this case, the criminal history of Mr. Perkins, the circumstances surrounding this offense, the need to impose a sentence that would reflect the seriousness of the offense as well as to deter others as well as Mr. Perkins from repeat offenses in this matter, the court is going to impose a sentence in this case of 110 months along with three years supervised release and a $100 special assessment.

treatment in case of attempted abduction of a woman was appropriate given prior indictments for rape and attempted rape). The fact that he pled down the prior two sentences is irrelevant given the discretion a sentencing court has to consider relevant conduct in fashioning an appropriate sentence, as discussed above.

Perkins has cited *United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006), a case which was decided between the time that Robinson was sentenced and when this case was argued. There, we held that a condition of supervised release mandating sex-offender treatment was not reasonably related to Carter's conviction of being a felon in possession of a firearm or his earlier convictions for sex offenses in 1988. The *Carter* case is distinguishable. Although Perkins here was convicted for possession of a firearm by a convicted felon, the underlying conduct in this case was violent conduct toward a woman. In addition, in *Carter*, the prior sexual offenses had been committed in 1988. In this case, Perkins's conviction in 1995 was for an aggravated assault, which had been pled down from aggravated rape. He was also convicted of assault on a woman for conduct which occurred in 1994. Further, he had arrests for assault earlier in his life, but he had never been convicted on those charges. The closer temporal proximity of his previous sexual conduct and the conduct underlying his arrest for the illegal possession of a firearm in this case distinguish it from the *Carter* case.

Special conditions of supervised release may be imposed if they are "reasonably related" to either the nature and circumstances of the offense or "the history and characteristics of the defendant." 18 U.S.C. §§ 3553(a)(1), 3583(d). The special conditions here related to the underlying

No. 05-6167
United States v. Perkins

conduct in the possession of the firearm and in the history and characteristics of Perkins in his

violent encounters with women.

**AFFIRMED**