RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0244p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BLAKE CHILDRESS,

*Defendant-Appellant.*

No. 16-6410

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 2:12-cr-00071-1—J. Ronnie Greer, District Judge.

Argued: October 3, 2017

Decided and Filed: October 30, 2017

Before: CLAY, ROGERS, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Timothy C. Harker, UNITED STATES ATTORNEY'S OFFICE, Greeneville, Tennessee, for Appellee. **ON BRIEF:** Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Timothy C. Harker, UNITED STATES ATTORNEY'S OFFICE, Greeneville, Tennessee, for Appellee.

---

**OPINION**

---

CLAY, Circuit Judge.   Defendant Blake Childress appeals the district court's order imposing a special condition of supervised release pursuant to 18 U.S.C. § 3583, following his federal conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and state court convictions for incest and aggravated assault.   For the reasons set forth below, we **AFFIRM**.

**BACKGROUND**

In 2012, Defendant pleaded guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).   On April 15, 2013, Defendant was sentenced to 41 months' imprisonment and three years of supervised release.   At the time of sentencing, Defendant had a pending incest charge in Tennessee state court relating to inappropriate sexual contact with his minor half-sister.  *See State v. Childress*, No. E2014-02142-CCA-R3-CD, 2015 WL 7575328, at *1–3 (Tenn. Crim. App. Nov. 25, 2015).   After his federal sentencing, Defendant was tried and convicted on the incest charge.  *Id.* at *1.   On appeal, the Tennessee Court of Criminal Appeals reversed the conviction for a *Miranda* violation and remanded the case for a new trial.  *Id.* at *9, *13.

While Defendant's new state case was pending, the Probation Office petitioned the district court for two modifications to Defendant's special conditions of supervised release.   The first was that Defendant was to have "no direct or third party contact, by any means available to him/her with any victim(s) of a sex offense committed by the defendant;" the second required Defendant to "submit to a psychosexual assessment at his/her own expense, as directed by the probation officer."

In July 2016, Defendant entered into a "best interest" plea agreement in state court to the reduced charge of aggravated assault, in violation of Tenn. Code Ann.§ 39-13-102.   On August 29, 2016, the federal district court held a hearing on the petition for modification of the Defendant's supervised release order.   At the hearing, the government introduced the opinion

from the Tennessee Court of Criminal Appeals, a report of interview from the victim, a child services letter, a prosecution report from the Third Judicial District, and copies of Defendant's state court convictions and the probation conditions. These documents described numerous incidents of inappropriate sexual conduct between Defendant and his half-sister, only some of which formed the basis for his state court convictions. Defendant did not object to the first modification of his supervised release—*i.e.*, that he have no contact with any victim(s) of a sex offense committed by him—but he did object to the imposition of a psychosexual evaluation.

The government argued that the condition pertained to Defendant's history and characteristics, to the need to protect the public from further crimes by Defendant, and to the need to provide Defendant with needed medical care or correctional treatment. Defendant argued that a psychosexual evaluation was intrusive and unrelated to his federal felon in possession offense. Defendant also argued that it was not the "least restrictive means" that the court could employ to achieve the sentencing purposes of 18 U.S.C. § 3553(a). Instead, Defendant suggested additional mental health treatment. The district court rejected this suggestion because it determined that a psychosexual evaluation would help the probation officer determine what risk, if any, Defendant may pose to the public, while mental health treatment would not. The court also said that a psychosexual evaluation is "a condition generally required of offenders convicted of a sex offense."[1]

On September 1, 2016, the district court ordered that the special conditions of Defendant's supervised release be modified to include the two additional conditions. The court agreed that Defendant's state aggravated assault conviction was not "for a sexual offense," but, applying *United States v. Carter*, 463 F.3d 526 (6th Cir. 2006), the court held that the determinative question was "not whether the title of the offense denotes a sexual offense but whether the defendant 'actually committed the offense . . . in a sexual manner.'" Thus, the district court found that the psychosexual assessment condition was "directly related to the

---

[1]Moreover, the government conceded at oral argument that it would not conduct a penile plethysmography test—the part of the evaluation that Defendant seems to find most intrusive—without seeking an additional order from the district court. And this Court has previously held that a special condition that included the mere possibility of penile plethysmography is not ripe for appellate review unless and until a defendant is required to undergo the procedure. *United States v. Lee*, 502 F.3d 447, 450 (6th Cir. 2007).

defendant's criminal history." Moreover, Defendant acknowledged at the hearing that the same prosecution report formed the basis for his earlier incest conviction and his aggravated assault conviction. Therefore, because Defendant had "been convicted of aggravated assault which was committed in a sexual manner," his history and characteristics were "reasonably related to this special condition."

Defendant filed a timely appeal of the district court's order.

## DISCUSSION

### I. Standard of Review

We review the district court's imposition of a special condition of supervised release only for an abuse of discretion. *United States v. Hundley*, 625 F. App'x 274, 276 (6th Cir. 2015) (citing *Carter*, 463 F.3d at 528). An abuse of discretion occurs when this court has a "definite and firm conviction that the [district] court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors or where it improperly applie[d] the law or use[d] an erroneous legal standard." *Id.* (internal citations and quotation marks omitted).

### II. Analysis

"We review the imposition of a special condition of supervised release along two dimensions." *Carter*, 463 F.3d at 528. The first dimension is procedural: "The [district] court, at the time of sentencing, [must] state in open court the reasons for its imposition of the particular sentence, including its rationale for mandating special conditions of supervised release." *Id.* at 528–29 (internal citations and quotation marks omitted). Defendant does not challenge the procedural aspect of the imposition of the special condition.

Defendant's challenge focuses on the second, substantive dimension in which we review the district court's imposition of the special conditions of supervised release. This Court has said that "where a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld." *United States v. Bortels*, 962 F.2d 558, 560 (6th Cir. 1992). We later recognized, however, that "[t]his

statement was an oversimplification, as the statutory requirements are actually more detailed." *Carter*, 463 F.3d at 529. First, the condition must be "reasonably related to" several sentencing factors. 18 U.S.C. § 3583(d)(1). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D). Second, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes. 18 U.S.C. § 3583(d)(2). These purposes are "to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)-(D). Finally, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3583(d)(3). "Because they are written in the conjunctive, a condition must satisfy all three requirements . . . . However, a condition need not satisfy every single factor and purpose within each of the first two requirements." *Carter*, 463 F.3d at 529–30.

Defendant does not argue that the special condition is inconsistent with the Sentencing Commission policy statements. *See* 18 U.S.C. § 3583(d)(3). Nor does he argue—in any depth—that the condition involves a greater deprivation of liberty than is reasonably necessary for the relevant sentencing purposes. *See* 18 U.S.C. § 3583(d)(2). Thus, Defendant's argument seems to be that the special condition was not reasonably related to an enumerated sentencing factor. *See* 18 U.S.C. § 3583(d)(1). Specifically, he challenges the district court's conclusion that the special condition of psychosexual assessment was reasonably related to "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant advances two arguments to support his position: first, he argues that it was improper for the district court to base the special condition on his conviction for aggravated assault; and second, he argues that even if the court

could rely on a conviction for aggravated assault, the evidence supporting his particular conviction was unreliable.  Defendant is wrong on both accounts.[2]

### 1. The district court properly relied on the circumstances of Defendant's conviction to justify imposing a special condition of psychosexual evaluation.

Defendant argues that because aggravated assault is not, on its face, a sex offense, his conviction for aggravated assault was an insufficient basis on which to conclude that a psychosexual evaluation was "reasonably related" to "the history and characteristics of the defendant" as required by § 3553(a)(1), through § 3583(d)(1).  As the district court noted, however, the lesson of *Carter* is clear:  "the question is not whether the title of the offense denotes a sexual offense but whether the defendant 'actually committed the offense . . . in a sexual manner.'"  In *Carter*, the defendant appealed the imposition of a special supervised-released condition mandating sex-offender treatment on the ground that it was not reasonably related to his immediate conviction of being a felon in possession of a firearm or his prior convictions for sex offenses committed seventeen years earlier.  The court vacated the special condition because the defendant's current conviction was not a sex offense, his prior rape and assault with intent to commit rape convictions were too remote in time, and it was unclear whether the defendant's recent stalking charge was sexual in nature.  The court remanded the case to the district court to determine whether the defendant's stalking conviction was sexual in nature, which would provide an independent basis for imposing the special condition.

In this case, Defendant was tried in state court and found guilty of incest.  Although that conviction was ultimately overturned, Defendant later pleaded guilty to aggravated assault

---

[2]Defendant appears at times to make a third argument that a psychosexual evaluation is not reasonably related to his federal conviction of being a felon in possession of a firearm.  But it need not be.  A district court may impose a special condition based on any of several sentencing factors.  In this case, the court did not base its imposition of the special condition on the "nature and circumstances of the offense," but on the "the history and characteristics of the defendant," which is permissible under 18 U.S.C. § 3553(a)(1) and squarely permitted by *Carter.  See also United States v. Evans*, 727 F.3d 730, 735 (7th Cir. 2013) ("[S]ex-offender treatment is reasonably related to the factors in Section 3553(a), even if the offense of conviction is not a sex offense, so long as the sexual offenses are recent enough in the defendant's history that the goals of rehabilitation and protecting the public justify an order for treatment."); *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) ("[S]upervised release conditions need not relate to the offense for which [a defendant] was convicted as long as they satisfy any of the conditions set forth [in Section 3553(a)]").  Thus, Defendant does not make too much of this argument and neither should we.

"based on the same conduct" that led to the incest conviction, namely, that Defendant engaged in sexual acts with his minor half-sister on two different occasions, first in 2002 and again in fall 2011. Thus, the conviction was clearly sexual in nature, and the district court did not abuse its discretion in finding that imposing a psychosexual assessment was reasonably related to "the history and characteristics of the defendant." 18 U.S.C. §§ 3553(a)(1), 3583(d)(1).

Defendant next argues that the district court abused its discretion by relying on a state court conviction for which the factual basis was unclear. The argument seems to be this: Defendant pleaded guilty to violating Tennessee's aggravated assault statute—Tenn. Code Ann. § 39-13-102 (2011)—and was awarded a Class C felony. For Defendant to have been awarded a Class C felony in compliance with § 39-13-102(a)(1)(A)(i), (iii), or (iv) (the only sections potentially applicable to Defendant), the assault must have resulted in serious bodily injury, have involved a deadly weapon, or have involved strangulation. Because the record does not indicate that any of these circumstances occurred, two possibilities logically follow: either (1) the plea was based on some conduct other than that which formed the basis of Defendant's incest conviction and therefore the court "could not know if Mr. Childress' aggravated assault conviction was *actually committed* in a sexual manner" or (2) the elements of aggravated assault *were not* met and the federal court ought not to ratify the state court's mistake by using it as a basis for imposing a special condition.

Since the record is clear that the same conduct formed the basis for the incest and aggravated assault convictions,[3] Defendant's arguments ultimately boil down to one—the procedural defectiveness of his plea. But Defendant has not challenged his plea. Moreover, the validity of his plea has no bearing on the propriety of the district court's decision to impose the special condition. A sentencing court's consideration of a defendant's history and characteristics is not limited to prior criminal convictions. For example, in *United States v. Perkins*, 207 F. App'x 559 (6th Cir. 2006), the defendant pleaded guilty to the illegal possession of a firearm by a convicted felon and was sentenced to 110 months' imprisonment. The court also imposed sex-offender treatment as a condition of supervised release. Citing the defendant's history of

---

[3]Indeed, at the district court hearing, Defense counsel specifically agreed that "the same prosecut[orial] report was relied upon for the aggravated assault that was also the basis for the original state charges."

"aggressive behavior toward women which this type of counseling could help ameliorate," this Court upheld the imposition of the sex-offender treatment even though the instant conviction was not for a sex-related offense. *Id.* at 561–62. Among the prior conduct considered by the court were arrests for assault earlier in the defendant's life that *never resulted in conviction. Id.* at 562.

Other circuits have reached this same conclusion. In *United States v. Prochner*, 417 F.3d 54 (1st Cir. 2005), the defendant was convicted of credit card fraud and he appealed the district court's imposition of a special condition requiring that he be evaluated for participation in a sex offender treatment program. The First Circuit upheld the special condition even though the defendant had never been convicted of any sex-related offense. There, the record contained "no direct evidence that Prochner ha[d] engaged in inappropriate conduct with minors," but the evidence showed that he had worked in various programs with young boys and that he had written journal entries indicating that he "may have had, or, at minimum, desired to have, sexual relationships with adolescent males." *Id.* at 63–64. Given that evidence, the court found that "[t]he condition . . . was reasonably related both to the need, while Prochner was still under supervision, to protect the public from future potential crimes by Prochner (who had already committed a serious crime, albeit of a different kind) and the need to provide Prochner with whatever treatment he might need." *Id.* at 64. And in *United States v. Prendergast*, 979 F.2d 1289, 1293 (8th Cir. 1992), the Eighth Circuit affirmed a special condition requiring treatment for gambling, based on "evidence that [a] defendant ha[d] a gambling habit which does need to be addressed," although nothing in the record indicated any prior criminal convictions related to gambling. *See also United States v. Weatherton*, 567 F.3d 149, 154 (5th Cir. 2009) (under plain error review, sex offender conditions could be predicated on a 1979 rape conviction *and* a 2007 warrant charging the defendant with rape).

In the instant case, the district court did not base its decision on the lone fact *of* conviction. Instead, the court reviewed multiple pieces of evidence, including a statement signed by the victim, the state appellate opinion and its recitation of facts elicited at trial, a prosecution report, and the state judgments of conviction. On that basis, the district court concluded that Defendant's "history and characteristics" warranted imposing a sex-offender evaluation. This Court cannot draw a "definite and firm conviction that the [district] court . . . committed a clear

error of judgment in the conclusion it reached upon a weighing of the relevant factors" or that "it improperly applie[d] the law or use[d] an erroneous legal standard." *Hundley*, 625 F. App'x at 276.

### 2. The evidence of Defendant's misconduct was sufficiently reliable for the district court to justify imposing the special condition.

Defendant next argues that even if the district court could base the special condition on the evidence surrounding his incest and aggravated assault convictions, such evidence was insufficiently reliable to justify requiring a psychosexual evaluation. Specifically, Defendant emphasizes that the Tennessee Court of Criminal Appeals was required to view the evidence in the light most favorable to the prosecution, and yet it nevertheless concluded that the evidence of Defendant's guilt "could hardly be said to be overwhelming." *Childress*, 2015 WL 7575328, at *10. But Defendant fails to recognize this statement's procedural context. The court was discussing whether the admission of Defendant's unconstitutionally obtained incriminating statement constituted harmless error, and it concluded that, without the statement, the evidence of Defendant's guilt was not so overwhelming as to render the statement inconsequential to the verdict.

Next, Defendant argues that "the information is all varying levels of hearsay[.]" But Defendant concedes in the next sentence that the evidence rules do not apply at sentencing proceedings, and Defendant did not contest the veracity or reliability of that evidence at the time of hearing. In short, the government presented evidence indicating that Defendant engaged in sexual misconduct with his minor half-sister and, absent any contradictory evidence, the district court reasonably concluded that Defendant had, in fact, committed sexual misconduct. Therefore, the court was within its discretion to impose a special condition requiring Defendant to undergo a psychosexual assessment.

### CONCLUSION

The district court did not abuse its discretion by requiring Defendant to undergo a psychosexual evaluation as a special condition of his supervised release. We therefore **AFFIRM** the district court's order.