NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0679n.06

No. 17-1292

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 08, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ROBERT FABER, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     BOGGS, BATCHELDER, and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Appellant Robert Faber appeals the district court's imposition of a special condition of supervised release requiring Faber to have no contact with Tylyn Gieszer. The district court did not abuse its discretion by imposing this special condition. We **AFFIRM**.

## I.

Robert Faber pleaded guilty in 2010 to violating 18 U.S.C. § 2252(a)(2) by receiving images of minors engaging in sexually explicit conduct. The district court sentenced Faber to eighty-seven months' imprisonment followed by three years of supervised release. The terms of Faber's supervised release prohibited him from possessing any sexually explicit materials as defined in 18 U.S.C. § 2256(2)(A)(i)-(v) and from possessing or using a computer or similar device. The district court ordered Faber to begin his supervised release at a residential reentry

-1-

center where he would receive substance-abuse treatment, mental-health treatment, and sex-offender treatment. When Faber reported to the residential reentry center, staff found thirty-four images of nude men and boys in Faber's possession. After this incident, the district court modified the terms of Faber's supervised release by adding special conditions broadening the class of sexually oriented materials that Faber was prohibited from possessing and requiring Faber to advise his probation officer of all such items Faber owned or possessed.

Once he was released from the residential reentry center, Faber began living in an apartment with a roommate, Tylyn Gieszer. A probation officer visited Faber's apartment and asked Gieszer, who was home alone, whether there were any computers or similar devices in the apartment. Gieszer denied that any such devices were in the apartment or that Faber had access to any such devices. Before the officer left the property, however, the officer saw Gieszer move a backpack from the apartment to his vehicle. When Gieszer realized that the officer had seen him, he admitted to the officer that he had lied about a computer's being in the apartment. The officer reminded Gieszer about the terms of Faber's supervised release and Gieszer apologized and promised not to bring the computer back into the apartment. Probation officers returned to the apartment the following day, but no one immediately opened the door. When Faber eventually opened the door, the officers asked both Faber and Gieszer about potential contraband, and Gieszer retrieved a laptop computer from under the bed. The officers obtained consent from both Faber and Gieszer to search the computer, and the search revealed sexually explicit materials.

Faber's probation officer petitioned the district court for revocation of Faber's term of supervised release. Faber admitted to three violations of the terms of his supervised release: (1) possessing or having access to a computer without the approval of and monitoring by his

probation officer; (2) possessing materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i)-(v); and (3) failing to advise his probation officer of the sexually oriented materials he possessed. The district court sentenced Faber to one year of imprisonment and two years of supervised release, and included a special condition requiring Faber to have no contact with Gieszer. Faber objected to this special condition, and filed a timely appeal.

## II.

"This Court reviews the district court's imposition of special conditions of supervised release for an abuse of discretion." *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007). This "rigorous" standard permits reversal "only in comparatively extreme circumstances." *United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir. 2001).

## A.

Our review is a two-step inquiry. The first requirement is procedural: the district court must have adequately stated in open court at the time of sentencing its rationale for imposing the special condition of supervised release. *See* 18 U.S.C. § 3553(c); *Kingsley*, 241 F.3d at 836. The second requirement is substantive: the condition of supervised release must be reasonably related to the dual goals of probation—rehabilitating the defendant and protecting the public. *See Brogdon*, 503 F.3d at 563. More specifically, the special condition must: (1) be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant; (2) involve no greater deprivation of liberty than is reasonably necessary to adequately deter criminal conduct, protect the public, and provide the defendant needed services or treatment; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission. *See* 18 U.S.C. §§ 3553(a), 3583(d); *Kingsley*, 241 F.3d at 836–37; *see also United States v. Childress*, 874 F.3d 523, 526 (6th Cir. 2017).

Special conditions that "implicate fundamental rights such as freedom of speech and freedom of association are subject to careful review, but if primarily designed to meet the ends of rehabilitation and protection of the public, they are generally upheld." *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997). We have previously upheld special conditions prohibiting defendants from associating with roommates and romantic partners, so long as those restrictions were related to rehabilitating the defendant and protecting the public. *See United States v. Brandenburg*, 157 F. App'x 875, 879–80 (6th Cir. 2005) (affirming on plain-error review a special condition that defendant not cohabit with any females during supervised release because he had a pattern of abusing females with whom he lived); *United States v. Bortels*, 962 F.2d 558, 559–60 (6th Cir. 1992) (per curiam) (affirming a special condition that defendant stay away from her fiancé during supervised release because she had previously endangered the public to protect him); *cf. United States v. Worthington*, No. 96-1597, 1998 WL 279379, at *18 (6th Cir. May 21, 1998) (reversing a special condition that defendant not cohabit with an unmarried, unrelated female during supervised release because it was a "moral living" condition not clearly related to the goals of probation). Contrary to Faber's argument, we have never required a compelling governmental interest before a district court may impose a special condition that implicates fundamental rights.

## B.

The district court here adequately stated in open court at the time of sentencing its rationale for imposing the special condition of supervised release, relying on both goals of probation. *First*, the district court stated that the no-contact order was meant to facilitate Faber's rehabilitation by "protect[ing]" him from a "toxic" relationship with Gieszer, who had assisted Faber in violating the terms of his supervised release. *Second*, the district court noted that

Faber's violations were "exactly the same as what got him in trouble in the first place. . . . It's very seldom that I have seen such a direct and almost immediate violation." Faber therefore "need[ed] to be deterred from having access to inappropriate images." Because the district court adequately stated its rationale, the procedural requirement is satisfied.

The special condition imposed by the district court is also reasonably related to the goals of probation. *First*, it is reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, because Gieszer attempted to help hide Faber's supervised-release violations. *Second*, the special condition also deprives Faber of no more of his liberty than is reasonably necessary, because it requires Faber to stay away only from Gieszer. *Third*, the special condition imposed here is consistent with and analogous to other conditions recommended by the Sentencing Commission. *See, e.g.*, USSG § 5D1.3(c)(8) (barring defendants from communicating with or interacting with persons engaged in criminal activity or convicted of a felony). Because the special condition is reasonably related to the goals of probation, Faber's fundamental right of association was not unconstitutionally infringed and the substantive requirement is satisfied.

The district court, therefore, did not abuse its discretion by imposing the special condition requiring Faber to have no contact with Gieszer.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.