NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0486n.06

Case No. 24-5059

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff - Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| RICKY GHOLSTON., | ) | |
|     Defendant - Appellant. | ) | OPINION |
| | ) | |

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Ricky Gholston pled guilty to robbery, attempted robbery, and two counts of using a firearm in connection with a crime of violence pertaining to the robbery and the attempted robbery. Gholston was initially sentenced in 2011, but in 2022 the United States Supreme Court held that attempted robbery is not a crime of violence. The district court then vacated Gholston's conviction for using a firearm in connection with an attempted robbery and resentenced him. At Gholston's resentencing, the court considered the uniquely egregious nature of Gholston's actions during his attempted robbery as well as his criminal history and personal characteristics and sentenced him to 276 months, 42 months above the top of the Guidelines range. The court also imposed five years of supervised release with a condition that Gholston's property, including his electronics, be subject to search upon a finding of reasonable suspicion that he violated his supervised release. Gholston now appeals the district court's decision to resentence him, its above Guidelines sentence, and its imposition of the search condition.

**I.**

In 2008 and 2009 Gholston and an accomplice agreed to rob two separate Dollar General Stores. During the first robbery, Gholston's accomplice displayed a handgun to the store clerk who was then forced to surrender $9,106. During the second robbery Gholston entered the store armed with a .32-caliber Smith & Wesson revolver. When the manager of the second Dollar General store told Gholston that they had no money in the safe, Gholston pointed his firearm at the store employee and pulled the trigger, but the gun did not fire. About five hours later, law enforcement found Gholston in a nearby apartment. A loaded .32-caliber Smith & Wesson revolver was found near Gholston with one of the rounds containing a dent in the primer, which indicated a misfire. Gholston gave a statement to law enforcement, admitting to pointing the gun at the manager and pulling the trigger.

In August 2009, Gholston pled guilty to four counts related to his criminal behavior. These included two counts of Hobbs Act robbery (one attempted) and two counts of using a firearm in connection with a crime of violence. The district court sentenced Gholston to a sentence of 432 months in prison. The length of that sentence was due in part to a federal scheme that mandates long minimum sentences "for anyone who uses a firearm in connection with certain other federal crimes." *United States v. Davis*, 588 U.S. 445, 448 (2019).

But then in 2022, the Supreme Court clarified that attempted robbery is *not* a crime of violence. *See United States v. Taylor*, 596 U.S. 845 (2022). So Gholston filed a motion under 28 U.S.C. § 2255 asking the district court to vacate his convictions for Counts Two and Four and resentence him because of *Taylor*. The United States agreed that *Taylor* invalidated Gholston's Count Four conviction. But the United States pointed out that a vacatur of Count Four would lead to an increase in the sentencing Guideline for Count Three by six levels because of Gholston's

possession of a firearm during the attempted robbery charged in Count Three. The reason that the firearm enhancement had not been applied to Count Three in Gholston's earlier sentencing was because the use of the firearm was already applied in Count Four as a sentencing enhancement. Enhancing Gholston's sentence on Count Three then would have been "impermissible double counting." *United States v. Duke*, 870 F.3d 397, 404 (6th Cir. 2017). As a result, the district court vacated Gholston's conviction on Count Four and resentenced Gholston on the remaining counts with an increased Guidelines range for those counts.

The district court resentenced Gholston to a final sentence of 276 months, which was 42 months above the newly calculated Guidelines range. The district court also sentenced Gholston to five years of supervised release, during which his property—including his electronics—would be subject to search if probation officers had a reasonable suspicion that evidence of a supervised-release violation might be found.[1] In so doing, the district court justified its decision to vary upward from the Guidelines because Gholston's conduct was serious, he displayed a reckless indifference to human life, and he had an extensive background of dangerous criminal activity that displayed clear disrespect for the law. Further, he had not accepted responsibility for his actions. Gholston timely filed a notice of appeal.

## II.

Because Gholston did not object to the district court's decision to resentence[2] and its imposition of a special condition of supervised release, these decisions are reviewable for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). To succeed on plain-

---

[1] This was in line with the presentence report. Gholston did not object to this condition. At sentencing, the district court adopted the findings of the presentence report without objection. When the district court ordered the supervised-release conditions, Gholston, again, did not object.

[2] In fact, Gholston even *asked* the district court to "resentence[ him] to 'time served.'" Case No. 2:20-cv-132, R. 14, Page ID 58.

error review the defendant must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (citation omitted). "The plain error doctrine mandates reversal only in exceptional circumstances and only where the error is so plain that the trial judge and prosecutor were derelict in countenancing it." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (internal citation omitted).

We review the district court's decision to sentence Gholston 42 months above the top of the Guidelines range for abuse of discretion. *United States v. Herrera-Zuniga*, 571 F.3d 568, 590–91 (6th Cir. 2009). This court has described abuse-of-discretion review for sentences as a "high bar" even when challenging "an upward variance." *United States v. Thomas*, 933 F.3d 605, 613 (6th Cir. 2019). And abuse-of-discretion review must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

**III.**

We now affirm the district court and hold that Gholston's sentence was proper. First, with Gholston's fourth conviction vacated the district court appropriately opted to resentence Gholston using the newly calculated Guidelines range. Second, the nature of Gholston's crime, his criminal history, and his personal characteristics supported the district court's upward variance from the Guidelines and, therefore, its decision was not an abuse of discretion. Third, while the district court did not explain its reasoning for the challenged supervised-release condition, it did not plainly err because there was evidence in the record that the condition was reasonably related to rehabilitating Gholston and protecting the public by ensuring that Gholston does not commit any violations of his supervised release.

**A.**

By statute, prisoners have the opportunity to challenge the legality of their conviction through a collateral attack. *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013). If the court finds the judgment unlawful, "the district court must proceed to grant one of the four remedies 'as may appear appropriate': (1) 'discharge' the prisoner, (2) 'resentence' the prisoner, (3) 'grant a new trial,' or (4) 'correct' the sentence." *Id.* (quoting 28 U.S.C. § 2255(b)). District courts are given a "wide berth in choosing the proper scope of post-2255 proceedings." *Id.* at 633 (citation omitted).

The district court did not commit plain error when it decided to resentence Gholston. The mere vacating or correcting of a sentence as opposed to resentencing is meant to be used in more mechanical situations where nothing else about the sentence changes. *See United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019). Here, something *did* change because the district court needed to implement the enhancement for Count Three. This would suggest a need to recalculate the Guidelines range; i.e., a need for a resentencing. *See United States v. Augustin*, 16 F.4th 227, 232 (6th Cir. 2021). This process, under which a conviction for using a firearm during a crime of violence is vacated and then the defendant is resentenced to consider a sentencing-guideline increase, is exceedingly common. *See Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997). In fact, a post-*Taylor* vacatur of a charge for using a firearm during an attempted robbery leading to an enhanced sentencing for brandishing a firearm during that same attempted robbery has happened before in this circuit. *See, e.g.*, *United States v. Meredith-Hill*, No. 23-3409, 2024 WL 509611, at *2 (6th Cir. Feb. 9, 2024).

**B.**

Gholston also raises a challenge to the substantive reasonableness of his above-the-Guidelines sentence. Sentences which are within the Guidelines normally receive a "presumption of reasonableness." *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008). But because Gholston's sentence is above the Guidelines, the presumption does not apply. *Thomas*, 933 F.3d at 613. However, it is worth noting that an above-the-Guidelines sentence "does not trigger a presumption of *un*reasonableness. [The defendant] must [still] surmount a high bar to succeed on a substantive-reasonableness challenge even to an upward variance." *Id.* (citation omitted). The reviewing court must give "due deference" to the district court's determination that § 3553(a) factors may justify an upward variance, *United States v. Milliron*, 984 F.3d 1188, 1198 (6th Cir. 2021) (quoting *Thomas*, 933 F.3d at 613), and "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court," *Gall*, 552 U.S. at 51. With that in mind, the district court did not abuse its discretion in issuing an above-the-Guidelines sentence.

Numerous factors cited by the district court in Gholston's sentencing justified an upward variance for Gholston's sentence. First, Gholston's history of violence, tendency to resist authority, and numerous prison disciplinary violations all justified an upward variance under the sentencing statute. *See* 18 U.S.C. § 3553(a)(1) (allowing the district court to take into account "the nature and circumstances of the offense and the history and characteristics of the defendant[]"); *see, e.g. United States v. Wright*, 991 F.3d 717, 720 (6th Cir. 2021) (considering genuineness of remorse, health, criminal history, disciplinary violations, and rehabilitative efforts in balancing § 3553(a)(1)); *United States v. Mathews*, 846 F. App'x 362, 370 (6th Cir. 2021) (considering limited work history, lack of employment skills, and career-offender history in balancing

§ 3553(a)(1)); *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (considering long criminal history including weapons and theft in balancing § 3553(a)(1)). Second, the need for the sentence to adequately deter Gholston justified an upward variance. *See* 18 U.S.C. § 3553(a)(2)(B) (instructing the court to consider the need of the sentence "to afford adequate deterrence to criminal conduct")). And third, the need for the sentence to protect the public justified an upward variance. *See* 18 U.S.C. § 3553(a)(2)(C) (instructing the sentencing court to consider the need "to protect the public from further crimes of the defendant"); *see, e.g.*, *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018) (affirming an upward variance where the district court found that defendant "presented a serious risk to the community").

Gholston accuses the district court of trying to create an attempted-murder conviction by incorrectly focusing on his decision to point a gun at the manager and pulling the trigger. But "a sentencing judge's inquiry is 'broad in scope,' and [] is 'largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" *United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)). It was proper for the district court to consider the fact that Gholston attempted to kill an individual during the robbery, ensuring that the severity of his sentence is *not* identical to a sentence for an individual who committed attempted robbery without attempting to kill anyone. *See Pepper v. United States*, 562 U.S. 476, 488 (2011).

Gholston also adds that the district court abused its discretion in finding him not credible. Here too, Gholston is mistaken. From the outset, a "district court's credibility finding carries considerable weight." *United States v. Ivy*, 165 F.3d 397, 401 (6th Cir. 1998). Despite admitting to pointing a loaded gun at the store manager and pulling the trigger, which Gholston swore under oath was completely accurate, and pleading guilty to attempted murder in state court, Gholston

still, during his sentencing, refused to admit that he intended to hurt anyone during his attempted robbery.

Considering all the appropriate factors, Gholston fails to show that the district court abused its discretion in sentencing him to an above-the-Guidelines term of imprisonment.

**C.**

Supervised release is "'a form of postconfinement monitoring' that permits a defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison." *Mont v. United States*, 587 U.S. 514, 523 (2019) (internal citation omitted). Conditions on supervised release, by statute, must be consistent with the following three criteria: (1) the condition must be reasonably related to certain sentencing factors; (2) it must involve no great deprivation of liberty than reasonably necessary for certain sentencing purposes; (3) the condition must be consistent with any relevant policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(1)–(3).

In this instance, the district court failed to articulate orally at sentencing why it was implementing the challenged condition to supervised release—but that is not reversible plain error. At sentencing, a judge must state its reasons for the imposition of any special conditions of supervised release. *United States v. Carter*, 463 F.3d 526, 528–29 (6th Cir. 2006). But an "inadequate explanation" is considered harmless error if the reasons for the special condition are clear from the record. *United States v. Booker*, 994 F.3d 591, 598 (6th Cir. 2021). The record articulated above clearly establishes that Gholston's history puts him at a high risk of reoffending, something that warrants close supervision.

Gholston contends that a search of electronics cannot possibly be related to his robbery and attempted robbery convictions, but supervised-release conditions do not have to be directly related

to the defendant's conviction and can instead be implemented in response to a defendant's history and characteristics that indicate a risk of dangerousness to the public safety. *United States v. Kingsley*, 241 F.3d 828, 837–38 (6th Cir. 2001). To give an example, in *United States v. Childress*, the defendant was convicted of being a felon in possession of a firearm and one of the conditions of his supervised release was to "submit to a psychosexual assessment at [his] expense, as directed by the probation officer." 874 F.3d 523, 525 (6th Cir. 2017). This was because the defendant had a pending state charge for incest. *Id.* at 524. The court rejected defendant's argument that a psychosexual assessment was not proper for a felon-in-possession charge, stating that "it need not be. A district court may impose a special condition based on any of several sentencing factors. In this case, the court did not base its imposition of the special condition on the 'nature and circumstances of the offense,' but on the 'history and characteristics of the defendant,' which is permissible under 18 U.S.C. § 3553(a)(1)[.]" *Childress*, 874 F.3d at 527 n.2.

Ultimately, the district court's condition on supervised release did not rise to the high level required for a finding of plain error. *See United States v. Mays*, 558 F. App'x 583, 585 (6th Cir. 2014) ("It is difficult for a defendant to meet his burden to satisfy the plain-error prongs, 'as it should be[.]'" (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).

**IV.**

For the reasons discussed we AFFIRM Gholston's sentence.